322 So.2d 426 (1975)
Thomas D. JENKINS
v.
J. J. KREBS & SONS, INC.
No. 7072.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Rehearing Denied December 9, 1975.
Writ Refused January 30, 1976.
*427 Rene' A. Pastorek, Gretna, for plaintiff-appellee.
Racivitch & Wegmann, William J. Wegmann, New Orleans, for defendant-appellant.
Before BOUTALL, MORIAL and BEER, JJ.
BEER, Judge.
On January 27, 1971, defendant-appellant, J. J. Krebs & Sons, Inc. (hereafter, Krebs) was employed by plaintiff-appellee, Thomas Jenkins (hereafter, Jenkins), through his attorney, to "confirm" an earlier survey of a tract of land[1] which he had agreed to purchase but had not yet acquired by act of sale. Jenkins did not specifically request an acreage computation in connection therewith but the earlier survey which was subsequently confirmed by Krebs included a written notation that the tract contained 13.16 acres. As a matter of fact, Krebs did not actually confirm the acreage figure but relied, for this information, upon the earlier survey of the tract which had been forwarded to him to confirm. Krebs (or his employee) simply assumed that the acreage figure on the earlier survey was correct since all the measurements of the boundary lines on the earlier survey were confirmed for accuracy when located and measured by Krebs. However, the original mathematical computation of the acreage figure had been incorrectly made.
The parties agree that, after the sale, a correct computation showed that the tract contained only 11.26 acres, not 13.16 acres as shown on the surveysalthough the lines were all correctly measured in both surveys. Jenkins now contends that he has relied, to his detriment, on the acreage information confirmed by the Krebs' survey since the sale by which he acquired the tract was based upon a dollar per acre price. He claims injury in the amount of $6,840, the alleged "overpayment" computed at $3,600 per acre.
In spite of the now acknowledged fact that the original acreage computation was mathematically in error, the size and configuration of the tract was correctly depicted on the earlier survey and on the confirmation survey submitted by Krebs. Thus, the mathematically incorrect computation made at the time of the earlier survey which was carried over onto the Krebs' survey was the only inaccuracy on the work product submitted by Krebs to Jenkins.
Mr. Hugh McCurdy, an expert civil engineer and land surveyor called by Jenkins, testified that surveys involving this amount of acreage will, sometimes, include a figure showing the computation of the acreage even if not specially requested. He further testified that it is not a usual practice to include such acreage figures without independently performing the calculation of same.
Krebs testified that he was never informed that the sale was "by the acre." He was not asked to compute acreage but only to "certify the survey" referred to in the agreement to purchase. He stated that acreage figures on rural land are not *428 usually computed unless requested although improvements and compass points are, as a practice, shown on the survey even if not specifically requested. He acknowledges that there is now a trend to include acreage calculations since land is now often sold on an acreage basis. He testified that he has, in past instances, relied on previous surveys for the acreage figures if all the other measurements check out as in this case. While not willing to call this reliance a "practice" on his part, he reiterated that the acreage figure is not usually re-computed if the measurements on the old and new surveys correspond in all respects as they did in the instant case.
Mr. Venance Lambert, one of the real estate brokers involved in this transaction, testified that the land was originally offered for sale on a price per acre basis. The parties to the transaction with which we are concerned then negotiated to a $3,600 per acre price which, when multiplied by 13.16 acres, produced a figure of $47,360 which was, in fact, the sale price. Lambert indicated that he utilized the acreage figure contained in the title extract which was attached to the purchase agreement although he acknowledges that another survey referred to as the "Stewart survey" indicated only 12.11 acres were contained within the boundaries of this particular tract. He also acknowledged that the purchase agreement did not contain specific reference to the sale price being based on the number of acres within the tract.
Mr. John Hutyra who represented the sellers of the tract in the negotiations testified that the sale price was negotiated on a dollar per acre basis, confirming the testimony of Jenkins in this regard.
Jenkins acknowledges that he did not have the benefit of the Krebs' survey when he made the offer to purchase, but does aver, nevertheless, that he secured same to confirm the fact that he was receiving 13.16 acres. He acknowledges, however, that the only survey referred to in the act of sale is the earlier survey from which defendant copied the acreage figure.
The record supports the conclusion that Jenkins has acquired a lesser number of acres than he bargained for due, at least in part, to the overzealous but incorrect action of Krebs' employee. Since the sellers of the tract are not before the court in any capacity, the issue here is obviously restricted to the liability vel non of Krebs. Furthermore, since the record is barren of any testimony or other evidence which might indicate any proposed method of measuring damages other than that which is proposed by Jenkins, we are constrained to hold that a finding of liability on the part of Krebs will require that the damage award be based upon the per acreage figure of $3,600 multiplied by the deficient acreage of 1.9 which equals $6,840. This has caused us much concern yet, from the state of the record, we can perceive no alternative method of calculating damages.
We do not find error in the trial court's determination that Krebs is liable. The inclusion of the incorrect acreage figure may not, at its inception, have been anything more than a mistake of judgment on the part of Krebs' employee. However it was ultimately transmitted, duly certified as correct, by J. J. Krebs & Sons, Inc. to Jenkins who, by reasonable reliance thereupon, incurred a loss. That loss can fairly be said to have directly resulted from a faulty and defective exercise of care and skill on the part of the professional surveyor. We believe that the rule which we announced in Maloney v. Oak Builders, Inc., 224 So.2d 161 (La.App. 4th Cir. 1969) is applicable here.
The fact that an acreage computation was not specifically requested can not be a basis for reversal of the trial court's judgment. The failure of Krebs' clerk to recompute the acreage figure before confirming it has resulted in damage because of Jenkins' reasonable reliance thereupon. Although the cases dealing with the socalled *429 good samaritan rule are not entirely on point, it is nevertheless clear that the technical data contained in a land survey must, within a test of reasonableness, be reliable regardless of whether or not a particular computation was specifically requested for inclusion with the ultimately transmitted professional work product or simply confirmed thereby. Krebs is as much professionally responsible for the direct results of the incorrect computation as he would be if it had been a part of the survey data because of routine and usual inclusion. It was confirmed by his office in the same degree as all other professionally determined data included therein.
Krebs timely filed an exception of prescription which, overruled by the trial court, is now also before us in this appeal. Krebs contends that Jenkins' claim sounds in tort and, thus, has prescribed since the survey was completed and reported upon in February of 1971 and this suit filed only in January of 1974. Also of possible significance is the unrefuted contention by Jenkins that he discovered the discrepancy in May of 1973.
We do not find error in the trial court's decision to overrule the exception. The relationship between Jenkins (through his attorney) and Krebs was contractual. For $480 Krebs agreed to survey the tract in question. That contract was breached in the manner previously described.
We are however, obliged to disagree with the trial court's conclusion regarding payment for the survey.
The contract to confirm the earlier survey was carried out by Krebs. Jenkins derived certain benefits therefrom and we conclude that Krebs has a right to be paid for his services. Jenkins has not sought dissolution of the contract nor does he contend that any of the actual survey work performed by Krebs was faulty or inaccurate. At the very least Krebs would be entitled to quantum meruit for the work that was properly performed and, in the circumstances of this case, such a finding would support an award of the total contract price of the survey.
Accordingly, the judgment of the district court is amended so as to delete that portion which awards plaintiff $480 as return of the cost of the survey and must, therefore, be reduced to a total of $6,840. In all other respects the judgment is affirmed. Each party is to pay their own costs of this appeal.
Amended and affirmed.
NOTES
[1] The tract is described as Farm Lot 41 of Delacroix Plantation which is located within Orleans Parish in the "lower coast" area of Algiers.