CHIASSON, Judge.
This is an appeal of a judgment of the District Court dismissing the action brought by David R. Hickman, plaintiff-appellant, and the reconventional demand made by Mike Strain and E. 0. Hutchison, defendants-appellees and plaintiffs-in-reconvention-appellants.
On June 29, 1976, Hickman filed a Petition for Injunctive Relief and obtained a Temporary Restraining Order prohibiting Strain and Hutchison from advertising or displaying the designation “Uncle Sam Fireworks” in such a manner that it appears to read, “U. S. Fireworks” or the designation, “U. S. Fireworks”, in connection with the retail sale of fireworks. Strain and Hutchison answered Hickman’s petition and filed a reconventional demand denying Hickman’s allegations and asking for damages for wrongful issuance of the temporary restraining order.
A hearing was held on a rule to show cause why a preliminary injunction should not issue and judgment was rendered dismissing Hickman’s suit and the reconven-tional demand of Strain and Hutchison. Hickman appealed the judgment dismissing his suit and Strain and Hutchison answered, appealing the dismissal of their reconven-tional demand.
Hickman has, by his own motion, dismissed his appeal as to Hutchison only.
Hickman contends:
“1. The Trial Court erred in failing to distinguish between the two defendants, inasmuch as the plaintiff satisfied the requisite burden of proof with respect to the defendant, Strain.
“2. The Trial Court erred in excluding the testimony of Kevin Baragona.”
Strain and Hutchison contend:
“1. The judgment of this Court is erroneous in that it dismissed the recon-ventional demand without there having been notice of a hearing or the opportunity to present evidence at the trial on the preliminary injunction;
“2. The court was in error in failing to grant a new trial, upon the letter application of defendant.”
The evidence contained in the record supports the District Court’s finding that, as between the parties, Hickman was not the first to use the name “U. S. Fireworks” in St. Tammany Parish, this area in which the competing fireworks stands were located.
“. . .In order to entitle a party to an injunction restraining another from the use of a trade-name, he must make it appear, with at least reasonable certainty, that his adoption of the name was prior in time to that of his adversary, that he adopted and made use of it in such manner as reasonably to apprise the public that he intended it as a distinctive appellation for his trade, commodity, or place of business, and that it was not, at the time of his attempted appropriation of it, in common or general use in connection with like businesses, commodities, buildings, or localities.”
87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 30, Adoption and Use, p. 265.
At the time of Hickman’s attempted appropriation of the appellation “U. S. Fireworks” for his fireworks stand, the term had been in common use in connection with another fireworks stand. Therefore, even if Hickman did use the designation “U. S. Fireworks” prior to its use by Strain, Hickman could not obtain an injunction to prevent its use by Strain.
The testimony excluded by the District Court was Kevin Baragona’s statement that an unknown customer told him “The people down there that run Uncle Sam’s said they had put this out, the brochure.” The brochure in question was one advertising the fireworks sold by Hickman.
The District Court excluded this testimony as hearsay. Hickman contends that while the statement was hearsay it is admissible as a present sense impression. Pretermitting the question of whether a present sense impression is admissible in Louisiana as an exception to the hearsay *907 rule, the statement alleged to have been made to Baragona is not a present sense impression because it was not made while the declarant observed the event. Therefore, the District Court did not err when it excluded this testimony.
The District Court dismissed Hickman’s suit and the reconventional demand of Strain and Hutchison following a hearing on a rule- to show cause why a preliminary injunction should not issue. Unless it is otherwise stipulated, a hearing on a rule to show cause is a summary proceeding and not a trial on the merits. Penn v. Burk, 244 La. 267, 152 So.2d 16 (1963). At the hearing the only matter before the Court was whether or not Hickman was entitled to a preliminary injunction. Therefore, the District Court erred when it rendered a final judgment dismissing the principal and re-conventional demands.
The record does not contain a motion for a new trial filed by Strain and Hutchison.
Based on the evidence adduced at the hearing Hickman was not entitled to a preliminary injunction prohibiting the use of the designation by other parties.
For the above reasons, the judgment appealed from is reversed. Judgment is hereby rendered denying the preliminary injunction sought by David R. Hickman. The case is remanded for further proceedings. Costs of this appeal is to be paid by David R. Hickman.
REVERSED, RENDERED AND REMANDED.