400 So.2d 1155 (1981)
G. Thomas ARBOUR, Individually and As Head and Master of the Community Existing Between Himself and Dianne Rabalais Arbour and Dianne Rabalais Arbour, Individually,
v.
TOTAL CATV, INCORPORATED.
No. 14082.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
Gerald Thomas Arbour, Baton Rouge, for plaintiffs-appellants Gerald Arbour, Individually, etc., and Dianne Rabalais Arbour.
John S. White, Jr., Baton Rouge, for defendant-appellee Total CATV, Inc.
Before LOTTINGER, EDWARDS and PONDER, JJ
*1156 EDWARDS, Judge.
Plaintiffs, G. Thomas Arbour and Dianne Rabalais Arbour, brought suit against Total CATV, Incorporated, seeking preliminary and permanent injunctions, $7,500 in damages, legal interest and all costs. Plaintiffs' suit was based on the fact that CATV, a private cable television corporation, had buried cable on the Arbours' property without their permission.
Following a contradictory hearing, plaintiffs' prayer for a preliminary injunction was denied.
Subsequent to the decision denying them a preliminary injunction, but prior to answer by CATV, plaintiffs filed an amending and supplemental petition in which certain local ordinances were specifically attacked on constitutional grounds. Plaintiffs also requested another hearing in an attempt to secure a preliminary injunction.
At the bottom of plaintiffs' request for a second hearing, the district judge wrote the following in longhand:
"August 29, 1980
Denied. This matter has been fully tried on merits of plaintiff's claim that CATV has no right to use of the servitude. The amended petition seeks to inject new parties and issues into a matter fully tried.
Plaintiff's rights are adequately preserved by the devolutive appeal granted this day.
 Paul B. Landry Jr.
 Judge Pro Tem"
Plaintiffs appeal the trial court's initial denial of a preliminary injunction. LSA-C. CP. Art. 3612.
The purpose of an injunction is to prevent irreparable injury, loss or damage. Irreparable harm is the sine qua non for any injunction. LSA-C.C.P. Art. 3601. Reed v. Allison & Perrone, 376 So.2d 1067 (La.App. 4th Cir. 1979); Greenberg v. DeSalvo, 254 La. 1019, 229 So.2d 83 (1969), cert. denied 397 U.S. 1075, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970).
A review of the record shows no likelihood that plaintiffs will suffer irreparable harm. Therefore, insofar as the trial court judgment denied plaintiffs' request for a preliminary injunction, the judgment is affirmed.
The parties did not stipulate that all issues were to be decided at the preliminary injunction hearing. In addition, plaintiffs filed an amending and supplemental petition. Clearly, the trial court judgment decided neither plaintiffs' right to a permanent injunction nor the issue of damages. The matter will therefore be remanded for further proceedings on the remaining issues. Hickman v. Strain, 349 So.2d 905 (La.App. 1st Cir. 1977); Olsen v. City of Baton Rouge, 247 So.2d 889 (La.App. 1st Cir. 1971).
Appellee cites Primeaux v. Hinds, 350 So.2d 1310 (La.App. 3rd Cir. 1977), for the proposition that
"where a judgment denying a preliminary injunction after a hearing on the rule also passes on the merits of the case and effectively disposes of all issues presented by the pleadings such judgment is a final judgment."
Appellee urges that all issues have been effectively disposed of and that no trial on the merits is needed.
We cannot agree with this contention. It is clear that the Louisiana Supreme Court will not allow the trial of a rule for a preliminary injunction to replace a trial on the merits, in the absence of such a stipulation by the parties, no matter how thoroughly the merits have been treated, even by the court of appeals. See Dunn v. Sutton, 381 So.2d 1221 (La.1980), in which certiorari was granted and the case was remanded to the trial court despite a thorough treatment of the merits both at trial and on appeal in Dunn v. Sutton, 378 So.2d 485 (La.App. 1st Cir. 1979).
For the foregoing reasons, the judgment appealed from is affirmed and the case is remanded for further proceedings according to law. All costs of this appeal are to be paid by G. Thomas Arbour and Dianne Rabalais Arbour.
AFFIRMED AND REMANDED.