LOTTINGER, Judge.
This is an action ex delicto for negligent misrepresentation. Plaintiff, Howard P. Broussard, sued Edward E. Evans, a professional civil engineer and registered land surveyor, and Evans’ insurer, Continental Casualty Company, alleging that he relied to his detriment on incorrect acreage allocations on a map certified by Evans. From judgment of the trial court in favor of defendants, plaintiff has appealed.
FACTS
Many factual matters at trial were stipulated to and are largely undisputed. Defendant, Edward E. Evans, in connection with probate proceedings for the succession of John Lawrence Mahoney, was engaged in 1963 to survey three tracts of land which were a part of the decedent’s estate, and to locate same on a map.
On November 23, 1963, Evans certified a map prepared by his office, showing the three tracts in sections 43 and 46, Township 4 South, Range 2 East, Greensburg Land District of Louisiana, East Baton Rouge Parish. The map indicated the location of the three tracts and that the tracts contained 295.74 acres, 265.08 acres, and 188.54 acres, respectively. The map was filed for record in the Mahoney succession proceedings and was referred to in a judgment of possession which put three particular legatees under the decedent’s last will and tes *343 tament into possession of the 295.74 acre tract.[1]
The 295.74 acre tract, a part of which is the focus of the present controversy, was bisected by La. Highway 409. The map prepared by Evans contained a legend stating that of the 295.74 acres in the tract, 124.37acres lay west of La. Highway 409, and 171.37 acres lay east of the highway.
In August of 1964, plaintiff entered into a purchase agreement with the Mahoney legatees to buy the western portion of the 295.74 acre tract. The purchase agreement indicated a sales price of $157.00 per acre, total price not to exceed $19,588.27, for the 124.37 acre western portion. Subsequently, in February of 1965, plaintiff bought the western tract from the Mahoney legatees for $19,588.27. The act of cash sale contained a description of the western tract which referred to the Evans map.
In April of 1965, plaintiff purchased, by act of sale with mortgage, the portion of 295.74 acre tract laying east of La. Highway 409. The act of sale included the information that the eastern tract contained 171.37 acres, as per the Evans map, and recited a sales price of $26,000.00.
Plaintiff subsequently sold the western tract and the northernmost ten acres of the eastern tract to John Canfield in 1971. In separate sales in 1974, plaintiff sold two other ten-acre tracts within the eastern tract. Finally, in 1979, plaintiff decided to give his daughter three acres from the property remaining in the eastern tract on which to live. Plaintiff hired a civil engineer and surveyor to parcel out the three acres. In so doing, the surveyor discovered an error in the original map prepared by Evans. It was discovered that of Maho-ney’s original 295.74 acre tract, in reality 147.07 acres lay west of the highway and only 148.67 acres lay east of the highway. (Evans’ map had allocated 124.37 acres to the western portion and 171.37 acres to the eastern portion.) The amount of error in the acreage allocations in the Evans map was stipulated at trial to be 22.7 acres. Thus, whereas plaintiff had thought he owned 141.47 acres in the eastern tract (after selling off three ten-acre tracts), he really had but 119.37 acres remaining. Evans’ map had erroneously allocated 22.7 acres to the eastern portion of the original tract which in actuality lay west of La. Highway 409. This action for negligent misrepresentation followed.
TRIAL COURT
In ruling for the defendants, the trial court held that plaintiff failed to show that Evans’ error fell below the professional standards of the surveyors and civil engineers practicing in the area, that the error was not so gross as to be actionable in the absence of showing what professional standards prevailed in the community, that the erroneous acreage allocations for the eastern and western portions of the 295.74 acre tract was extraneous information not included within the certification on the map, and that plaintiff could not recover because he purchased the eastern portion for a lump sum rather than by the acre.
SPECIFICATIONS OF ERROR
Plaintiff-appellant contends the trial court erred:
1. in considering the appellant's case as one based on the professional malpractice of the appellee as opposed to one based on the recognized tort of negligent or tortious misrepresentation; and
2. in applying that body of law governing the relationships and liabilities between vendors and vendees in sales per aversion-em in determining the liability vel non of appellee to appellant.
SPECIFICATION OF ERROR NO. 2
Basically, plaintiff urges that the trial court erred in holding he could not recover because he paid a lump sum for the eastern tract containing 22.7 acres less than the acreage allocation stated on Evans map. *344 Plaintiff contends that this holding of the trial court is drawn from the Louisiana Civil Code article dealing with sales per aversionem,[2] and that this article governs only as between parties to a sale. Inasmuch as the defendant Evans was not a vendor of the eastern tract, plaintiff argues that the sale per aversionem article is inapplicable to his damage claim.
La.Civ.Code art. 2495 governs sales where the property is designated by the adjoining tenements and sold from boundary to boundary, as is the case with plaintiff’s purchase of the eastern tract. In such situations, no diminution of price is allowed on account of disagreement in measure. If an object is specifically designated along with its measure and is paid for by a lump sum, La.Civ.Code art. 2494 allows no diminution in price unless the real measure is short of that expressed in the contract by one-twentieth or more.[3] Under both articles, the rationale is similar: by designating fixed boundaries to property or by paying a lump sum for a designated object, the parties have considered the object itself more important than its actual measure. Although the cited codal provisions are not strictly applicable to a purchaser’s claim for damages caused by the negligence of a surveyor, they illustrate a difficulty in proving that Evans’ erroneous acreage allocation caused plaintiff damages.
It is axiomatic that in a tort action the burden of proving damages is on the plaintiff. Mr. Broussard contends that had Evans not misstated the acreage allocations, he would own and possess 22.7 acres which he does not now own. We find fallacy in this argument. Even had Evans not erred in the acreage allocations, plaintiff would not have obtained a greater number of acres in the eastern tract. The number of acres in the eastern tract was fixed and constant, regardless of errors in the map’s acreage allocations. The 22.7 acres erroneously allocated to the eastern tract was never a part thereof. The act of sale outlined the surveyed boundaries and also stated the amount of acreage. Plaintiff purchased all of the land within the described boundaries and no more. This is a fact which is unaffected by Evans’ error. The misstated acreage allocation merely led plaintiff to believe he was the owner of an additional 22.7 acres, but did not truly divest plaintiff of such ownership, since plaintiff could not have owned what was not there. Thus, the only specific damages which plaintiff can prove is that Evans’ error caused him to pay too high a price for the eastern tract.
“There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary.”
Plaintiff testified in deposition that he offered the Mahoney legatees $175.00 per acre for the eastern tract, but this figure multiplied by the 171.37 acres supposedly in the tract yields a purchase price of $29,989.75, rather than the $26,000.00 actually paid.[4] No purchase agreement showing a contemplated price per acre was offered into evidence, as was the situation with the western tract. We therefore agree with the trial court that the eastern tract was. bought on a lump sum basis.
Since the price for the eastern tract was not paid on a per acre basis, we cannot say with certainty that the lump sum paid would have been any smaller had plaintiff known that the tract contained 22.7 acres *345 less than the allocation stated on Evans’ map. It would be sheer and utter speculation for us to attempt to formulate an award of damages for plaintiff’s supposed overpayment where the purchase of the eastern tract was not made on a per acre basis. The lump sum purchase price distinguishes the instant ease from Jenkins v. J.J. Krebs & Sons, Inc., 322 So.2d 426 (La.App. 4th Cir.1975), writ den. 325 So.2d 611 (La.1976), relied on by plaintiffs. Plaintiff conceivably could have called experts in real estate appraisal to testify what effect the lack of 22.7 acres would have had on the purchase price had same been known, but this method of proof was not utilized. Thus, plaintiff failed to prove that Evans’ error in acreage allotments caused him to pay too much for the eastern tract.
Plaintiff argues in brief that he was also damaged when he sold the western tract to John Canfield, since he sold 22.7 acres more than were paid for. However, the western tract is not at issue in this suit.[5] Additionally, we note that when plaintiff bought the western tract (with the price determined on a per acre basis), he too received 22.7 acres for which he was not required to pay.
Inasmuch as plaintiff has failed to prove he sustained any damages as the result of relying on the erroneous acreage allocation on the map certified by defendant Evans, we find no liability on the part of the defendants. Discussion of plaintiff’s specification of error No. 1 is expressly preter-mitted.
Therefore, for the above and foregoing reasons, judgment of the trial court in favor of defendants-appellees is hereby affirmed. All costs are assessed to plaintiff-appellant, Howard P. Broussard.
AFFIRMED.

. These legatees already owned a one-half interest in the 295.74 acre tract. The judgment put each of the three legatees into possession of an undivided one-third interest in and to the decedent’s one-half interest in the tract.

. La.Civ.Code art. 2495 reads:

. La.Civ.Code art. 2494 reads:
“In all other cases, whether the sale be of a certain and limited body, or of distinct and separate objects, whether it first set forth the measure, or the designation of the object, followed by its measure, the expression of the measure gives no room to any supplement of price, in favor of the seller, for the overplus of the measure; neither can the purchaser claim a diminution of the price on a deficiency of the measure, unless the real measure comes short of that expressed in the contract, by one-twentieth part, regard being had to the totality of the objects sold; provided there be no stipulation to the contrary.”

.Based on the actual acreage of 148.67 acres in the eastern tract, at $175.00 per acre, the selling price would have been $26,017.00.

. Plaintiffs petition makes no reference to the western tract. Defense counsel met all evidence as to the western tract with a timely general objection. Thus, the pleadings were not enlarged by the evidence, nor were they amended.