558 So.2d 316 (1990)
Antonina G. Geraci FANARA, Plaintiff-Appellee,
v.
BIG STAR OF MANY, INC. and State Farm Insurance Company, Defendants-Appellants.
No. 88-1019.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1990.
*317 Charles A. Riddle, III, Marksville, and Gold, Weems, Bruser, Sues & Rundell, Sam. N. Poole, Jr., Alexandria, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, Dewitt T. Methvin, Jr., Alexandria, for defendant-appellant.
McLure & Pickels, John G. McLure, Alexandria, for defendant-appellee.
Before DOMENGEAUX, C.J., and GUIDRY and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
Antonina Fanara instituted this suit against her tenant, Big Star of Many, Inc., for past due rent, and against her tenant's insurer, State Farm, for damages to the leased property.
In early 1986, Fanara leased a building to Big Star to be used as a grocery store. Fanara allowed Big Star to do some remodeling work on the building. During the course of the remodeling, a portion of the roof collapsed, resulting in substantial damage to the building and its contents. Fanara paid $2,500.00 for initial emergency repair work and then sued Big Star and State Farm to recover that amount. Big Star paid for the remaining repairs to the roof and withheld rental payments until the repair costs were recouped. Fanara sued Big Star for $28,845.82, the amount of rent withheld.
The trial judge rendered judgment in favor of Fanara and against Big Star for unpaid rent, litigation costs, and attorney's fees. Judgment was further rendered against Big Star and State Farm in solido in the amount of $2,500.00 for property damages. Finally, the trial court rendered a "declaratory judgment" holding that the liability policy issued by State Farm to Big Star provided coverage for the damages sustained when the roof of the grocery *318 store collapsed. Both Big Star and State Farm have appealed, raising questions of causation, attorney's fees, insurance coverage, and assessment of court costs.
Before discussing the issues raised on appeal, we will comment on the procedural propriety of the trial court's declaratory judgment rendered within the context of the suit for past due rent and damages. State Farm presented the question as an assignment of error but did not brief the issue. La.C.C.P. art. 1871 provides for the declaration of "rights, status, or other legal relations whether or not further relief is or could be claimed.... [T]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Given the fact that the coverage question was fully litigated at trial, and a decision on same is essential to fully determine the rights of the parties, we find no procedural error in the trial court's declaration in this instance.

I. CAUSATION
In the course of remodeling activities, a Big Star employee relocated a metal column in the kitchen area of the store. The column was originally attached to a supporting I-beam. Without obtaining any structural engineering advice, the manager of the store instructed his employee to move the column five feet and reattach it to the support beam. Several weeks later, after a heavy rain, the roof collapsed in the area from which the column had been moved.
A structural engineering expert who testified for Fanara said that the sole cause of the collapse was the fact that the column had been moved. A similarly qualified expert testifying for the defendants admitted that the collapse was caused by the movement of the column. But he further opined that the building was defective, and had it not been for that defective condition, the movement of the column would not have caused the collapse. The defect was the use of an I-beam that was too small to support the weight of the roof.
The trial judge decided this factual issue in the plaintiff's favor, and we affirm. The expert testimony, the twenty year history of this building, and the fact that only the altered portion of the infrastructure was involved in the collapse, support the conclusion that the building was not inherently defective.

II. ATTORNEY'S FEES
Immediately after the Big Star roof collapsed, Fanara made immediate repairs costing $2,500.00 to prevent further damage. After those initial repairs were made, Fanara discovered the damage was presumably caused by the negligence of Big Star. Fanara then refused to pay for further damages, taking the position that the lease had been breached (specifically the provisions entitled "POSSESSION" and "TENANT'S REPAIRS AND ALTERATIONS"), and Big Star was responsible for the damages.
Big Star argues that the landlord was required, under the lease provisions entitled "LANDLORD'S REPAIRS", to maintain the roof and structural elements of the building. Therefore, Big Star was contractually entitled to withhold rental payments until the roof and structural repair costs were paid. On appeal, Big Star contends that it should not be liable for 25% attorney's fees under the general provisions of the lease because it merely withheld rental payments pending a resolution of which party would be ultimately responsible for the repairs.
We believe the trial court correctly determined that Big Star's negligence was dispositive of this issue. Under the facts of this case, the tenant's negligence wholly precludes any right the tenant may otherwise have to withhold rental payments. The tenant's negligence caused damage for which the tenant was responsible; withholding rental payments to offset that responsibility was not a valid exercise of rights under the lease. Ultimately this suit to collect unpaid rent resulted, and we see no reason why the successful landlord should not be entitled to attorney's fees as provided in the lease.

*319 III. INSURANCE COVERAGE
At the time the Big Star roof collapsed, Big Star had in effect a business liability policy with State Farm. The trial court determined that under the terms of the policy, there was coverage for the damages incurred by Big Star. Therefore, Fanara was awarded $2,500.00 in damages for the emergency repairs made to the building.
As between State Farm and Big Star, the coverage question arose as an affirmative defense by State Farm in its answer. No money judgment was sought for the $28,845.82 in damages incurred by Big Star due to its own negligence. Because the coverage question was fully litigated, the court issued a declaratory judgment in favor of Big Star. We affirm.
The insurance policy in question contains two sections which reference each other throughout the text. One section cannot be interpreted without the other. Likewise, the "POLICY ENDORSEMENT" must be reviewed. Essentially, the trial court held that this damage, to property which was occupied by the named insured, was covered by Section II-11-a, because such damage arose out of a peril insured in Section I. The "perils insured in Section I" are actually contained by exclusion in the policy endorsement attached at the end of the policy. Because the peril which caused the loss herein was not specifically excluded from coverage as detailed in the policy endorsement, the trial court correctly determined the loss resulted from an insured peril.
In the factually similar case of Cell-O-Mar, Inc. v. Gros, 479 So.2d 386 (La.App. 1st Cir.1985), writs denied, 481 So.2d 1332, 1333 (La.1986), the First Circuit found no coverage on the part of the lessee's insurer. The National Union insurance policy issued to the lessee, however, was not identical to the State Farm policy applicable herein. Both policies generally exclude coverage for damage to property occupied by the insureds (Big Star and Gros), but only the State Farm policy contains an exception to that exclusion for certain perils. The Cell-O-Mar case, therefore, is not dispositive of this issue.

IV. COURT COSTS
State Farm finally contends that the trial court erred in assessing all costs against it in connection with the suit. A trial court is vested with great discretion in determining who is liable for costs of court. The court may assess costs against any party as it may consider equitable, even against the party prevailing on the merits. La.C.C.P art. 1920; DB Orban Co. v. Lakco Pipe & Supply, Inc., 496 So.2d 1382 (La.App. 3rd Cir.1986).
A trial court's assessment of costs can be disturbed only upon a showing of abuse of discretion. Orban, supra. Although State Farm was cast for only a small portion of the money judgment rendered in favor of the plaintiff herein, we find that, considering the overall circumstances and ultimate results of this decision, the trial court did not abuse its discretion. See Rue v. Continental Insurance Co., 366 So.2d 629 (La. App. 3rd Cir.1978), writ denied, 369 So.2d 153 (La.1979).

CONCLUSION
Our affirmation necessarily includes an affirmation of the denial of State Farm's reconventional demand against Fanara for the amounts paid to Big Star for damage to the contents of the building. Because Fanara was not at fault in causing the collapse, Fanara is not responsible for resulting damages.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs on appeal are assessed one-half against the defendant, Big Star of Many, Inc., and one-half against the defendant, State Farm Insurance Company.
AFFIRMED.