593 So.2d 655 (1991)
Sharon Lee FRIERSON and Robert C. Frierson, Individually and on Behalf of Their Minor Children, Wendy G. Frierson, Rodney Frierson and Misty Lee Frierson; Elvis G. Meyers and Mary R. Meyers
v.
Leslie SHERIDAN, Mary Lou Sheridan, Sheridan Trucking, Prudential Fire and Casualty Company, ABC Insurance Company, Barriere Construction Company, Inc., XYZ Insurance Company and Imperial Lloyds Insurance Company.
No. CA 90 0546.
Court of Appeal of Louisiana, First Circuit.
July 3, 1991.
*656 Gilbert V. Andry, III, New Orleans, for defendant-appellant.
Theodore A. Mars, Jr., New Orleans, for plaintiff-appellee.
Robert Blackwell, in pro per.
James P. Doherty, Jr., Opelousas, for Imperial Lloyds Ins. Co.
Geoffrey P. Clement, Metairie, for defendants, Firemans.
Donald D. Bann, Mandeville, for Barriere Const. Co., Inc.
Marion B. Farmer, Covington, for Leslie Sheridan.
Franklin H. Jones, New Orleans, for Bennett.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
GONZALES, Judge.
Plaintiffs filed a tort action in the 22nd Judicial District Court on May 18, 1989, based on the death of their daughter, Wendy Frierson. Wendy was struck and killed by a speeding truck driver who lost control of his vehicle and drove into the family's front yard to avoid running into the back of a stopped school bus. Plaintiffs alleged multiple causes of action, including a survival action and a wrongful death action; as well as separate actions for Sharon Frierson, who witnessed her daughter's death, and for Rodney and Misty Lee Frierson for the fear and terror they experienced as they scrambled to move out of the path of the truck that struck and killed their sister.
On August 23, 1989, plaintiffs filed a "Petition for Declaratory Judgment" in the same lawsuit asking for "A declaratory judgment in favor of plaintiffs declaring that defendant Presidential Insurance Company has available insurance coverage totalling $300,000 according to the `per accident' portion of the contracts of insurance in question." The only evidence presented at the hearing was the insurance policy. The trial judge ruled at hearing, finding that "Considering the arguments of counsel in this particular matter, I'm going to find that the amount available is three hundred thousand dollars in this particular instance." The judge later signed a judgment, which states:
Considering the law, the evidence, the pleadings and the arguments and memoranda of counsel, for reasons orally assigned:
And due to the Court's finding that certain claims of Rodney, Misty Lee and Sharon Frierson are not derivative of Wendy Frierson's death, but independent of it:
IT IS ORDERED, that there be judgment herein in favor of plaintiffs and against defendant, Presidential Insurance Company, declaring defendant's total exposure under the policy of insurance in question to be THREE HUNDRED THOUSAND ($300,000) DOLLARS.
*657 Presidential Insurance Company is appealing that judgment.

ASSIGNMENT OF ERROR
Appellant contends the trial court erred:
In holding that the claims of decedent's brother, sister, and mother were not derivative of but independent of the decedent's claim when the defendant denied all allegations of the petition and no factual evidence was offered or introduced by the plaintiffs on the trial of plaintiff's petition for declaratory judgment.
Louisiana Code of Civil Procedure article 1871 provides for declaratory judgments:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
Louisiana Code of Civil Procedure article 1879 provides:
When a proceeding under Articles 1871 through 1883 involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.
A suit for declaratory judgment is an ordinary, not a summary proceeding. C.O.S.T. v. St. Landry Parish School Board, 528 So.2d 1048 (La.App. 3rd Cir. 1988). The procedure for a trial in an ordinary proceeding is set out in La.C.C.P. art. 1631 et seq. In particular, La.C.C.P. art 1632 provides for the presentation of evidence by the parties plaintiff and defendant.
There can be no legal finding based on a fact finding where no evidence was introduced. There must be facts before the court upon which to base a policy interpretation. See for example, Watts v. Aetna Casualty and Surety Company, 574 So.2d 364 (La.App. 1st Cir.), writ denied, 568 So.2d 1089 (La.1990). The plaintiffs failed to submit any evidence which could have resulted in a ruling on the declaratory judgment. It is axiomatic that in a tort action the burden of proving damages is on the plaintiff. Broussard v. Continental Casualty Company, 421 So.2d 341 (La.App. 1st Cir.), writ. denied, 423 So.2d 1165 (La.1982). One who asserts a fact must carry the burden of proof of that fact; such fact must be established by a reasonable preponderance of the evidence. Meyer v. State, Dept. of Public Safety License Control and Driver Improvement Division, 312 So.2d 289 (La.1975). A plaintiff must prove his case before he can recover, and in order to prove his case, it is necessary that a certain amount of evidence be presented. Tri-City Finance Plan, Inc. v. Barbier, 207 So.2d 269 (La. App. 1st Cir.1968).
No evidence was presented to the trial court other than the insurance policy. No testimony was presented. The insurance policy cannot be interpreted in a vacuum or standing alone. It must be connected to, identified with or related in some way to a factual foundation. Of necessity, the trial court made a factual finding which it applied to its interpretation of the policy. This factual finding was apparently based on briefs rather than evidence. There is no factual record presented to this court for review.
Where the coverage issue was not litigated at trial, the court could not render a declaratory judgment regarding coverage provided by the policy at issue. See Fanara v. Big Star of Many, Inc., 558 So.2d 316 (La.App. 3d Cir.1990). Therefore, the judgment of the trial court is reversed, and the case is remanded for further proceedings in accord with this decision. Plaintiffs are cast for all costs of appeal.
REVERSED AND REMANDED.