665 So.2d 748 (1995)
DEPARTMENT OF HEALTH AND HOSPITALS
v.
TEACHERS' RETIREMENT SYSTEM OF LOUISIANA and Mary L. Landrieu, as Treasurer of the State of Louisiana.
No. 95 CA 1034.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
*749 Frank H. Perez and Robert W. Sawyer, Baton Rouge, for Plaintiff-Appellee Department of Health and Hospitals.
John L. Stone, III, Baton Rouge, for Defendant-Appellant Teachers' Retirement System of Louisiana.
Richard P. Ieyoub, Attorney General and Martha Hess, Assistant Attorney General, for Defendant-Appellant State Treasurer.
Before WATKINS and FOIL, JJ., and TANNER,[1] J. Pro Tem.
WATKINS, Judge.
The Louisiana Department of Health and Hospitals (DHH) filed suit for a declaratory judgment and an injunction, naming as defendants the Teachers' Retirement System of Louisiana (TRSL) and Mary L. Landrieu, as Treasurer of the State of Louisiana. Judgment in DHH's favor was rendered by the Nineteenth Judicial District Court on March 6, 1995, and signed on March 13, 1995. TRSL perfected an appeal from this judgment.
DHH has provided this court with a concise statement of the events that preceded this appeal, as follows:
1. On August 29, 1991, DHH (Office of Mental Health Central State Hospital) hired a retired teacher in a non-teaching capacity.
2. DHH did not report the name, nor did it report the earnings of this retiree to TRSL.
3. For not reporting the name and earnings, DHH was assessed the sum of $40,211.23, plus interest by TRSL.
4. DHH objected to the assessment, claiming that it was not an "employer" within the meaning of the statutes governing TRSL (La.R.S. 11:701et seq.).
5. On March 3, 1994, the General Counsel for DHH requested a formal Attorney General opinion as to whether or not DHH is an "employer" within the meaning of La.R.S. 11:701(A).
6. On May 10, 1994, opinion no. 94-117 was issued by the Attorney General concluding that DHH was not an "employer".
7. On June 1, 1994, the General Counsel for TRSL requested that the Attorney General reconsider opinion no. 94-117.
8. On July 5, 1994, Attorney General's opinion No. 94-117"A" was issued affirming the prior decision.
9. On February 8, 1995, in compliance with action taken by the Board of Trustees of the Teachers' Retirement System of Louisiana, the director of TRSL certified to the State Treasurer of Louisiana that DHH was delinquent in the repayment of the amount in question.
10. Upon receipt of that certification, the State Treasurer was required by La.R.S. 11:737(C) to transfer funds from DHH to TRSL.
11. On February 15, 1995, DHH filed the instant suit seeking a Declaratory Judgment and Injunctive Relief. Prior to filing the pleadings, Appellant's counsel was provided with a copy and afforded the opportunity to contact the judge regarding the TRO.
12. On February 17, 1995, the Trial Court issued a TRO and assigned this matter for a hearing on March 6, 1995, at 9:30 am.
13. On March 6, 1995, the Trial Court held that DHH was not an employer and enjoined the State Treasurer accordingly.
14. On March 13, 1995, judgment was signed by the lower court.
The parties do not dispute that at the March 6, 1995 hearing, the trial judge did not take any evidence. The judge gave the following oral reasons for judgment:

*750 ALL RIGHT. THIS MATTER IS NOT EITHER BLACK OR WHITE BUT THE [DHH] DOES NOT HAVE ANY POSITIONS WHICH WOULD ENTITLE ANY EMPLOYEE TO BE A MEMBER OF THE TEACHERS' RETIREMENT SYSTEM. THE DHH IS NOT UNDER THE CONTROL OF THE STATE BOARD OF EDUCATION OR THE TEACHERS' RETIREMENT SYSTEM. THE DHH DID NOT HIRE THIS RETIREE AS A TEACHER. THE COURT IS OF THE OPINION THAT NEITHER DSS OR DHH HAVE ANY OBLIGATION TO NOTIFY THE TEACHERS' RETIREMENT SYSTEM OF THEIR RETIREE'S EMPLOYMENT. THE COURT FEELS THAT DHH WAS NOT AN EMPLOYER IN THE CONTEXT OF 11:707(C) AND I'LL SIGN A DECLARATORY JUDGMENT TO THAT AFFECT [SIC] AND AN INJUNCTION, IF PRESENTED BY THE PARTIES. THANK YOU.
The judgment of March 13, 1995, provides in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the Department of Health and Hospitals and against the Teachers' Retirement System of Louisiana declaring that the Department of Health and Hospitals is not an employer within the meaning of Louisiana Revised Statutes Title 11 Sections 701 et seq.;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mary Landrieu, as Treasurer of the State of Louisiana, or anyone acting for or in the name of the Treasurer of the State of Louisiana, be and the same hereby are, permanently enjoined from deducting any amount certified by the Teachers' Retirement System of Louisiana as delinquent or otherwise owed by the Department of Health and Hospitals from any monies available for distribution to or for the benefit of the Department of Health and Hospitals and from transmitting such amount to the Teachers' Retirement System of Louisiana.
Appellant's first assignment of error is: "The District Court erred when, at a hearing on a rule to show cause why a preliminary injunction should not issue, it rendered Judgment declaring plaintiff DHH is not an employer within the meaning of pertinent statutes." We agree and find it necessary to vacate the declaratory judgment that was rendered in apparent disregard of all procedural requirements surrounding this type of judgment.
As we previously mentioned, the judgment was rendered without the taking of any evidence. Indeed, the record before us consists merely of plaintiff's petition and attachments, which are pleadings but not evidence, and of no response by defendants. The case of Frierson v. Sheridan, 593 So.2d 655 (La.App. 1st Cir.1991) presented a similar issue and is dispositive of this portion of TRSL's appeal. In that case, this court explained:
A suit for declaratory judgment is an ordinary, not a summary proceeding. C.O.S.T. v. St. Landry Parish School Board, 528 So.2d 1048 (La.App. 3rd Cir. 1988). The procedure for a trial in an ordinary proceeding is set out in La.C.C.P. art. 1631 et seq. In particular, La.C.C.P. art [sic] 1632 provides for the presentation of evidence by the parties plaintiff and defendant.
There can be no legal finding based on a fact finding where no evidence was introduced. There must be facts before the court upon which to base a[n insurance] policy interpretation. See for example, Watts v. Aetna Casualty and Surety Company, 574 So.2d 364 (La.App. 1st Cir.), writ denied, 568 So.2d 1089 (La.1990). The plaintiff failed to submit any evidence which could have resulted in a ruling on the declaratory judgment.... One who asserts a fact must carry the burden of proof of that fact; such fact must be established by a reasonable preponderance of the evidence. Meyer v. State, Dept. of Public Safety License Control and Driver Improvement Division, 312 So.2d 289 (La. 1975). A plaintiff must prove his case before he can recover, and in order to prove his case, it is necessary that a certain amount of evidence be presented. *751 Tri-City Finance Plan, Inc. v. Barbier, 207 So.2d 269 (La.App. 1st Cir.1968).
. . . . .
Where the coverage issue was not litigated at trial, the court could not render a declaratory judgment regarding coverage provided by the policy at issue. See Fanara v. Big Star of Many, Inc., 558 So.2d 316 (La.App. 3d Cir.1990).
593 So.2d at 657.
DHH's contention that the declaratory judgment in the instant case involves purely a legal question without factual issues is without merit. The trial court found that DHH does not have any positions which would entitle any employee to be a member of the Teachers' Retirement System. That finding is a factual finding.
DHH's further argument that a remand of the instant case is unnecessary because the procedural error by the trial court was harmless is also without merit. Absent a record complete with evidence, we cannot presume, as a reviewing court, that the trial court will reach the same result after following the proper procedure.
TRSL's second assignment of error is: "The District Court erred when, at a hearing on a rule to show cause why a preliminary injunction should not issue, it issued a permanent injunction."
DHH's entitlement to a permanent injunction is a corollary to a judgment in its favor in the declaratory judgment action. Accordingly, the permanent injunction also must be vacated.
However, we are convinced that judicial economy and the nature of this case demand that we grant DHH a preliminary injunction, such as the trial court should have granted following the hearing on March 6, 1995.
The hearing was on a rule to show cause why a preliminary injunction should not issue; the only matter before the court was whether or not DHH was entitled to a preliminary injunction. See Hickman v. Strain, 349 So.2d 905 (La.App. 1st Cir.1977). In that case this court held that because a hearing on a rule to show cause is a summary proceeding and not a trial on the merits, it was error for the trial court to render a final judgment dismissing the principal and reconventional demands. Nevertheless, this court further held that based on the evidence adduced at the hearing, the plaintiff was not entitled to a preliminary injunction.
In support of its request for a temporary restraining order, DHH provided the trial court with the following explanation:
On February 8, 1995, the Director of the Teachers' Retirement System of Louisiana (TRSL) notified the State Treasurer of Louisiana that the TRSL Board of Trustees, at a regularly scheduled meeting held February 7, 1995, approved the recommendation of the Executive Committee to pursue necessary steps to collect monies allegedly owed TRSL by the Department of Health and Hospitals (DHH). The amount in question is $40,211.23. The action by the Board constitutes the certification that the repayment of this amount by DHH is delinquent.
Louisiana Revised Statute 11:737(C) provides:
"Should any employer covered by the system and a retiree refuse to transmit any repayment within thirty days after written notice that such repayment is due the system, the repayment shall be delinquent. Upon a certification to the state treasurer by the board of trustees of the Teachers' Retirement System that a repayment is delinquent, the state treasurer shall deduct the amount thereof from any monies then available for the distribution to or for the benefit of that employer and shall transmit said amount directly to the board of trustees. Upon making the deduction, the state treasurer shall immediately notify the employer that the deduction has been made and that the funds available for distribution to it are reduced accordingly. In like manner, the board of trustees of the system, upon receipt of said funds, shall credit such funds to the proper account affected thereby and shall notify the employer thereof." (emphasis added) *752 It is clear from the provision cited above that once the board had approved the recommendation of the Executive Committee and once the Director had notified the State Treasurer, the treasurer was mandated to deduct funds from the DHH budget and transfer those funds to TRSL.
. . . . .
The jurisprudence is consistent and clear that certain minimum due process safeguards must be present prior to deprivation of rights or taking by the government. Without question, the action requested by TRSL and apparently authorized by the statutory scheme at issue, is a taking. It cannot be argued that a mere certification by TRSL satisfies any pre-deprivation due process considerations. TRSL is not even burdened with the minimum requirement of making a prima facie case proving the existence of the debt through affidavit. Neither does the statute require a certified copy of a board resolution. TRSL has been granted an advantage not afforded to any other creditor seeking to collect from an alleged debtor. DHH respectfully suggests that something is wrong with this picture and requests that this Honorable Court enjoin and restrain the ultra vires action pending a full adjudication.
The Louisiana Constitution of 1974 is specific relative to the conditions under which money may be withdraw[n] from the treasury of the State:
"Except as otherwise provided by this constitution, money shall be drawn from the State Treasury only pursuant to an appropriation made in accordance with law." La. Const. Art. 7, Sec. 10 (1974).
DHH maintains that the threatened action is without the appropriation required by the provision cited hereinabove.
. . . . . Any money deducted from the DHH budget in this fiscal year and returned in a subsequent fiscal year reverts to the general fund and is not available to DHH. Thus, if DHH is successful in this litigation and the treasurer is not enjoined from deducting the funds, the loss of the money could nonetheless be permanent. This would constitute irreparable harm. Should TRSL prevail, enjoining the transfer pending the conclusion of this matter will be only a delay in payment, compensable with the increase in the interest to be paid.
Although there was no evidence presented at the rule to show cause in the instant case, TRSL did not and has not proffered any opposition to DHH's entitlement to a court order barring action by the state treasurer until the merits of the instant case can be determined.
Accordingly, this court will render a preliminary injunction in DHH's favor and remand this case for further proceedings consistent with the opinions expressed herein. The casting of costs will await final disposition.
IT IS HEREBY ORDERED that the State Treasurer of the State of Louisiana, her agents, officers and employees, or anyone acting on her behalf or in the name of the State Treasurer of the State of Louisiana be and the same are hereby preliminarily enjoined and prohibited from deducting any amount from monies available for distribution to or for the benefits of the Department of Health and Hospitals and transmitting any such amounts to the Teachers' Retirement System of Louisiana, said preliminary injunction to be effective during the pendency of these proceedings, and until final judgment in the form of a declaratory judgment is rendered.
DECLARATORY JUDGMENT AND PERMANENT INJUNCTION VACATED; CASE REMANDED; PRELIMINARY INJUNCTION RENDERED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.