DOUCET, Judge.
Plaintiff-garnishor has appealed from a judgment in this garnishment proceeding which fixed the portion of the wages of the garnishee’s employee subject to garnishment and ordered the payment thereof to commence on January 1, 1985, the month immediately following rendition of judgment. Plaintiff contends that the commencement date for such judgment should have been December 1, 1981, the first month after the employee’s prior wage assignment was satisfied, citing Sun Sales Co. v. Hodges, 256 La. 687, 237 So.2d 684 (1970). It appears that service of the garnishment was made on the garnishee on December 30, 1980, and its answers to the interrogatories were filed on January 1, 1981. These reflect the prior wage assignment by the employee of $101.00 per month to pay a debt totalling $1,137.10. No further action was taken by the garnishor until December 13, 1984, when it filed a contradictory motion and obtained the judgment appealed from.
Among other things, the garnishee contends that the judgment should be affirmed because, at the trial of the rule, the gar-nishor failed to formally offer in evidence the sheriff’s return showing when seizure occurred and when the prior indebtedness of the employee had been liquidated. The garnishor now has filed in this court a motion to remand the case for introduction of the writ of fi.fa., citation and the sheriff’s return, attaching certified copies thereof.
From our review of the record, we do not find that any evidence or proof was formally introduced and admitted at the trial of the contradictory motion. Therefore, like the court in Johnson v. Fulwood, 398 So.2d 1151 (La. App. 4th Cir. 1981), we conclude that the record does not support the judgment that was rendered on the rule and, in the interest of justice, remand the case to the district court to permit both parties to adduce evidence in support of their respective positions. LSA-R.S. 13:3923 and LSA-C.C.P. Art. 2164.
For these reasons, the judgment appealed from is vacated and this matter is remanded for further proceedings consistent with the views expressed herein. The assessment of costs will await adjudication.
JUDGMENT VACATED; REMANDED.