505 So.2d 837 (1987)
Roy Wayne ODOM, Plaintiff-Appellant,
v.
Peggy CULVERHOUSE, Defendant-Appellee,
Hansel Ruben Wilson and Mrs. Susan Wilson, Intervenors-Appellees.
No. 18514-CA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
Rehearing Denied April 30, 1987.
Writ Denied July 1, 1987.
*838 David M. Newell, Homer, for plaintiff-appellant.
Napper, Waltman, Napper, Rogers & Waltman by O.L. Waltman, Jr., Ruston, for defendant-appellee.
Culpepper, Teat, Caldwell & Avery by Bobby L. Culpepper, Jonesboro, for intervenors-appellees.
Before HALL, MARVIN and NORRIS, JJ.
HALL, Chief Judge.
On February 20, 1986, appellant, Roy Wayne Odom, filed suit seeking custody of a minor child, Amber Nicole James. Appellant alleged that he was the natural father of the child whose mother, Peggy Ann James, died on November 20, 1985. Named defendant was Peggy Culverhouse, the maternal grandmother of the child, who answered the petition and requested to be awarded custody. She specifically denied that appellant was the father of the child.
The maternal aunt of the child and her husband, Mr. and Mrs. Wilson, filed a petition of intervention basically supporting the position of Peggy Culverhouse but, alternatively, seeking custody of the child in the event the court determined that Peggy Culverhouse should not have custody. The petition of intervention alleged that appellant was not the father of the child, but even if he was the father, he was not a fit and proper person to have custody.
*839 Appellant then filed amended petitions alleging that custody should be awarded in accordance with LSA-C.C. Art. 146 and also praying that he be appointed as tutor of the minor child under LSA-C.C. Arts. 257 and 261. Intervenors filed an exception of no right or cause of action.
A hearing was held on the issue of paternity and the exception of no right or cause of action. After evidence was taken, the district court ruled that appellant is not the father of the child and is without interest or right to seek the custody or tutorship of the child. Judgment was rendered declaring that appellant is not the father of the child, sustaining the exception of no right of action, and dismissing appellant's suit.
On appeal, appellant claims that even though he was excluded from being the natural father of the child by scientific evidence, he should still be allowed to establish paternity by other means and that even if he is not the natural father of the child, it is in the best interest of the child to grant him custody.
For the reasons expressed in this opinion, we affirm the judgment of the district court declaring that appellant is not the biological father of the child, reverse the judgment of the district court sustaining the exception of no right of action and dismissing appellant's suit, and remand the case to the district court for further proceedings to be conducted in accordance with the provisions of the Civil Code and Code of Civil Procedure relating to tutorship.
The parties to this suit agreed for blood tests to be conducted by the North Louisiana Criminalistics Laboratory. The results of the blood tests conclusively established that appellant is not the biological father of the child. At the hearing, appellant testified that he met Peggy Ann James, the mother of the child, at the Homer Hayride and they dated each other sporadically over the next four to five years. According to appellant, he and Peggy Ann dated on a regular basis beginning in February, 1983. In June of 1983, Peggy Ann discovered that she was pregnant and Amber Nicole was born on December 22, 1983. Appellant testified that he helped care for the child by babysitting, feeding, changing, and disciplining her and that he helped support both Peggy Ann and the child by giving them money for bills and rent. Appellant also testified that he and Peggy Ann were to be married in January, 1986. After hearing this testimony relative to appellant's actions of informal acknowledgment of the child, the trial court refused to hear any further testimony on the issue of paternity because no such testimony could overcome the results of the blood tests. LSA-R.S. 9:397.3; Dufrene v. Dufrene, 366 So.2d 1016 (La.App. 1st Cir. 1978). We agree with the trial court and find no error in its ruling that appellant is not the biological father of the child.
Custody of the illegitimate minor child whose mother is dead and whose father is unknown should be determined in accordance with the provisions of the Civil Code and the Code of Civil Procedure on tutorship. Tutorship of a minor carries with it the right and responsibility of custody and care of the minor. LSA-C.C.P. Art. 4261.
LSA-C.C. Arts. 246 et seq. pertain to tutorship. There are four sorts of tutorship: tutorship by nature, tutorship by will, tutorship by the effect of law, and tutorship by the appointment of the judge. LSA-C.C. Art. 247. Within the section on tutorship by nature, LSA-C.C. Art. 256 concerns the tutorship of illegitimate children. Article 256 A provides that the mother is of right the tutrix of her illegitimate child not acknowledged by the father or acknowledged by him alone without her concurrence. Article 256 B provides that after the death of the mother, if the father had not acknowledged the child prior to the mother's death, the court shall give first consideration to appointment as tutor either of her parents or siblings who survive her and accept the appointment, and secondly, the father, always taking into consideration the best interests of the child.
Within the section regarding tutorship by the effect of the law, LSA-C.C. Art. 263 provides that when a tutor has not been appointed to the minor by the father or mother dying last, or if the tutor thus *840 appointed has not been confirmed or has been excused, then the judge shall appoint to the tutorship, from among the qualified ascendants in the direct line, collaterals by blood within the third degree and the surviving spouse of the minor's mother or father dying last, the person whose appointment is in the best interests of the minor.
Within the section relating to dative tutorship, LSA-C.C. Art. 270 provides that when a minor is an orphan and has no tutor appointed by his father or mother, nor any relations who may claim the tutorship by effect of law, or when the tutor appointed in some of the modes above expressed is liable to be excluded or disqualified, or is excused legally, the judge shall appoint a tutor to the minor.
LSA-C.C.P. Art. 4231 provides the grounds for disqualification of a tutor. Pertinent to this case, the article provides that no person may be appointed tutor who is "(6) A person who, on contradictory hearing, is proved to be incapable of performing the duties of the office, or to be otherwise unfit for appointment because of his physical or mental condition or bad moral character."
In this case where the mother of the illegitimate child has died, and the father is unknown and had not acknowledged the child prior to the mother's death, either the parents or siblings of the mother of the child are entitled to be appointed as tutor and consequently granted custody of the child according to the best interests of the child unless those persons are excluded, disqualified, or excused legally. LSA-C.C. Art. 256; LSA-C.C. Art. 270.
Appellant, as an interested person with a close relationship to the child and the child's deceased mother, has the right to petition to be appointed dative tutor of the minor upon allegations that the persons entitled to the natural or legal tutorship of the minor should be excluded or disqualified. LSA-C.C. Art. 270.
In this case, appellant has alleged the unfitness of the maternal grandmother, but has not alleged the unfitness of the maternal aunt. Although appellant's supplemental petition sought appointment as tutor, it does not comply with LSA-C.C.P. Art. 4065 and other provisions of the procedural articles governing tutorship. Neither the maternal grandmother nor the maternal aunt has sought to be appointed tutor or complied with the procedural articles governing tutorship proceedings.
All parties to these proceedings should have the opportunity to assert their respective claims to tutorship of the minor child in appropriate tutorship proceedings conducted in accordance with law. In such proceedings, the maternal grandmother and maternal aunt are entitled to the tutorship, unless disqualified as incapable or unfit. However, appellant, even though not the father of the child, is entitled to assert his claim to the dative tutorship of the minor child upon allegations and proof of the disqualification by incapacity or unfitness of the grandmother and aunt. The procedural posture of this case is such that none of these determinations have been presented to or made by the district court.
LSA-C.C. Art. 146 governs custody of children of a marriage after separation and divorce (LSA-C.C. Art. 157 A) and custody of illegitimate children formally acknowledged by both parents (LSA-C.C. Art. 245). Appellant argues that since LSA-C.C. Arts. 146 A(3) and (4) and 146 B allow the court, in the best interests of the child, to award custody to a non-parent or a non-relative in a custody contest with a parent, surely the court should be able, in the best interests of the child, to award custody to a non-relative in a custody contest with a non-parent. This argument is persuasive. Although Article 146 strictly applies only to custody determinations after separation and divorce and to custody of acknowledged illegitimate children, the article evidences the clear legislative intent that in child custody matters the best interest of the child is paramount and the courts are vested with the authority to award custody to a non-parent or relative where custody in the preferred person would be detrimental to the child and where custody in the non-parent *841 or relative is required to serve the best interests of the child.
The tutorship articles establish an orderly procedure for determination of custody in a contest between non-parents and establish reasonable preferences for custody based on blood relationships. The articles also allow the granting of tutorship with the corresponding right of custody to persons other than preferred relatives upon a showing of disqualification by incapacity or unfitness. For consistency and to give effect to the clear legislative intent that the best interests of the child is paramount in all situations, the standards of LSA-C.C. Art. 146 A(3) and (4) and 146 B should be applied in determining whether tutorship and custody should be awarded to a person other than preferred relatives. These standards are consistent with but may be somewhat broader than the incapacity and unfitness standards of the tutorship articles. Boyett v. Boyett, 448 So.2d 819 (La.App. 2d Cir.1984) and Carroll v. Carroll, 476 So.2d 976 (La.App. 1st Cir.1985) contain helpful discussions of the standards of LSA-C.C. Art. 146 relating to unfitness, detriment to the child, and award of custody to a [non-relative] as required to serve the best interests of the child.

DECREE
Accordingly, we reverse the judgment of the district court insofar as it sustained the exception of no right of action and dismissed appellant's action seeking tutorship of the minor child. We remand the case to the district court with instructions that the matter be converted into a tutorship proceeding with the tutorship of the minor child to be determined in accordance with the applicable provisions of the Civil Code and Code of Civil Procedure after amendment of the pleadings of the respective parties so as to comply with the procedural articles regulating tutorship proceedings. The judgment of the district court is affirmed insofar as it rejected appellant's claim to be recognized as the father of the child. The assessment of costs shall await the final determination of the proceedings.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.