570 So.2d 182 (1990)
STATE of Louisiana In the Interest of Danielle TRICHE
v.
Benjamin STEWART.
No. 90-CA-320.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
Joseph J. Tosh, Gretna, Attorney for defendant/appellant.
Gregory C. Champagne, Asst. Dist. Atty, Hahnville, for plaintiff-appellee.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
*183 BOWES, Judge.
Appellant, Benjamin Stewart (hereinafter Stewart), appeals a judgment of the district court adjudicating him to be the father of Danielle Triche and ordering him to pay $200.00 per month in child support. For the following reasons, we set aside the judgment of paternity and remand the case for further proceedings.
On February 8, 1989, Diane Triche, through the District Attorney, filed a suit to establish paternity and enforce support obligation for the child, Danielle. In this proceeding, she alleged that she maintained a sexual relationship with Stewart from 1976 through 1978 and, as a result, conceived and subsequently bore Danielle on January 19, 1979. A hearing was set for March 13, 1989, and was continued three times at the request of Stewart's attorney. In April, 1989, the court ordered all parties to submit to blood tests in accordance with LSA-R.S. 9:396 et seq. The tests were duly performed and filed in the record on July 18, 1989. The hearing was finally scheduled for September 29, 1989.
On that date, Stewart appeared without his attorney. Counsel for Stewart later argued that, prior to the date of that hearing, he had requested another continuance and agreed with the district attorney that the hearing would be reset. Counsel also argued that he and the district attorney had agreed that Stewart would pay $150.00 support per month, and would sign an agreement to that effect.
On the other hand, the district attorney claimed that Stewart's attorney did not inform him that he would not be present, and, while they had discussed a possible agreement, they had not reached a concordance. Stewart disputed the allegation that an agreement had been reached. The matter was tried on that date and Stewart was required by the court to go to trial without his attorney being present.
Immediately following trial, the court ordered Stewart to pay $200.00 per month support. In the judgment signed on October 6, the court also declared that the minor child is the natural child of Stewart. Following a series of pleadings not pertinent to our inquiry, Stewart perfected an appeal from this judgment. On appeal, defendant urges that the trial court erred:
1. In allowing the use of "summary proceedings" rather than ordinary proceedings and;
2. In finding the defendant was the natural father based solely on blood tests with no corroborating evidence.
Our examination of the record discloses that while blood tests were taken in accordance with LSA-R.S. 9:396 et seq.[1] and filed into the record as required by 9:397.3(A), they were never introduced into evidence at the hearing to determine paternity. LSA-R.S. 9:397.3 states as follows: 397.3. Admissibility and effect of test results
A. A written report of the results of the initial testing, certified by a sworn affidavit by the expert who supervised the tests, shall be filed in the suit record. A notice that the report has been filed shall be mailed to all parties by the clerk of court or shall be served in accordance with Code of Civil Procedure Article 1314. A party may challenge the testing procedure within thirty days of the date of receipt or service of the notice.
B. If the court finds there has been a procedural error in the administration of the tests, the court shall order an additional *184 test made by the same laboratory or expert. If there is no timely challenge to the testing procedure or if the court finds there has been no procedural error in the testing procedure, the certified report shall be admitted in evidence at trial as prima facie proof of its contents, provided that the party against whom the report is sought to be used may summon and examine those making the original of the report as witnesses under cross-examination.
C. Any additional testing ordered by the court pursuant to this Part shall be proved by the testimony of the expert.
D. If the court finds that the conclusions of all the experts as disclosed by the reports, based upon the tests, are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their findings or conclusions, the question shall be submitted upon all the evidence.
Obviously, the blood tests must be introduced and filed into evidence in the trial of the proceedings; the requirement of filing the report in the record gives the parties the opportunity to challenge the testing procedures. The party against whom the report is sought to be admitted may summon and examine those performing the blood tests, but to be afforded that opportunity, the statute grants him access to the report to determine whom to subpoena or depose. R.S. 9:397.3(B); State In Interest of Bankston v. Davis, 521 So.2d 575 (La. App. 1 Cir.1988). Thus, a blood test may not be admitted into evidence unless filed into the record in accordance with R.S. 9:397.3(A). State In Interest of Bankston, supra. However, filing of the report does not relieve the party seeking to utilize the reports from presenting his case in chief at trial.
It is an elementary rule of law that one who asserts a fact must carry the burden of proof of that fact by a reasonable preponderance of the evidence. Meyer v. State, Dept. of Public Safety License Control and Driver Improvement Division, 312 So.2d 289 (La.1975); Succession of Herrle, 517 So.2d 386 (La.App. 5 Cir. 1987), writ denied, 519 So.2d 129 (La.1988). In addition, LSA-C.C. art. 209(A) states as follows:
Proof of filiation
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
The only evidence at the trial in the present case was the testimony of Ms. Triche and Stewart.
Ms. Triche testified on Danielle's parentage as follows:
Q And who is the father of Danielle?
A Benjamin Stewart.
Q Danielle is your natural child; is that correct?
A Yes.
Q And in fact you took blood tests, you submitted to blood tests along with Mr. Stewart, which proved that point as a matter of fact; is that correct?
A Right.
Q And so is there any question in your mind that Danielle is Mr. Stewart's child? Is there any doubt?
A No.
Ms. Triche also stated that when Danielle was born, Stewart refused to support her.
Stewart testified as follows:
Q Mr. Stewart, are you the father of Danielle Triche?
A Well, from what the blood work from the blood work, yes.
Q You agree that the blood testin other words, are you admitting you're not contesting the fact that this is your natural child?
A No, I'm not, since the blood work.
Q You admitted [sic] to the blood test and the blood test shows that?
A Right.
The above is the only evidence regarding Stewart's paternity. We find this testimony, *185 in the absence of other corroborating evidence, such as the blood tests themselves, insufficient to carry the State's burden of proof. It does not constitute a preponderance of evidence in view of the fact that Stewart's "admission" at least was based, apparently, wholly on blood tests that were not introduced into evidence.
While blood tests taken under LSA-R.S. 9:396 et seq. are certainly not the sole method of proving filiation, it is also true that, in the absence of scientific tests, some other evidence is necessary to corroborate the claim of paternity. The Official Comments to C.C. 209 refer to such proof as including, although not limited to, "informal" acknowledgment; acknowledgment in a testament; proof that the alleged parents lived in a state of concubinage at the time of conception, as well as scientific test results. Reported cases in which a putative father was found to be the natural biological parent of a child without benefit of scientific testing have required much more evidence than is present in the case at bar. See, e.g., Succession of Stevenson, 492 So.2d 100 (La.App. 1 Cir.1986), writ denied, 494 So.2d 1178 (La.1986), wherein the daughter visited her father four or five times a year; the parties mutually addressed each other as father and daughter; the decedent told several persons that the plaintiff was, in fact, his daughter, wrote letters to her in which he signed himself "Dad", etc. See also Succession of Hawkins, 429 So.2d 194 (La.App. 1 Cir.1983), writ denied, 434 So.2d 1098, (La.1983), in which the decedent told witnesses that the plaintiff was his son, paid the expenses of birth, and frequently visited with the boy; in addition, the mother testified that decedent was the father, and that he gave her food and money for the child, even changing its diapers.
In Cormier v. Cormier, 479 So.2d 1069 (La.App. 3 Cir.1985), the blood tests were found to have been erroneously admitted into evidence (not having been performed strictly in accordance with LSA-R.S. 9:396 et seq.). However, there was other evidence which constituted a preponderance. This evidence included the putative father's admission to several persons that he was the father of the child in question, that he referred to the boy as his son, and the parties addressed each other as "Papa" and "my son"; also, the deceased mother told numerous persons the identity of the father, who visited her and the child often.
In the present case, the testimony of the father was noncommittal and based solely on the blood tests. Also, his attorney of record was not present to advise him. There was no testimony as to the actual relationship between Ms. Triche and Stewart, and no statements made by Ms. Triche to establish the basis for her statement that Stewart is the fatheri.e., that they lived together at the time of conception and that she had sexual relations only with him at the time of conception, etc. Under the circumstances, we find that the total evidence in this case does not constitute a preponderance which is necessary to support the judgment of the trial court that Stewart is the biological father of Danielle.
For the foregoing reasons, the judgment of the district court finding that Danielle Triche is the natural child of Benjamin Stewart is set aside and the case is remanded to the trial court for further proceedings.
JUDGMENT SET ASIDE; CASE REMANDED.
NOTES
[1] LSA-R.S. 9:396 et seq. is entitled "Blood Tests For Determination of Paternity". R.S. 9:396 reads as follows:

Sec. 396. Authority for test
Notwithstanding any other provision of law to the contrary, in any civil action in which paternity is a relevant fact, or in an action en desaveu, the court, upon its own initiative or upon request made by or on behalf of any person whose blood is involved, may or, upon motion of any party to the action made at any time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to the drawing of blood samples and shall direct that inherited characteristics in the samples, including but not limited to blood and tissue type, be determined by appropriate testing procedures. If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require.