612 So.2d 890 (1993)
Albert Michael TOUZET, III
v.
Anita Moreno MOBLEY.
No. 92-CA-702.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1993.
Writ Denied March 26, 1993.
*891 Janet L. Moulton, Metairie, for defendants/appellants Anita Mobley and Steven Mobley.
John A. Occhipinti, Metairie, for plaintiff/appellee Albert Michael Touzet, III.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Albert Michael Touzet, III, one of two possible biological fathers, filed a paternity suit against defendant, Anita Moreno Mobley, the child's natural mother. The other possible father, Steven Mobley, intervened. Defendant and intervenor appeal from the judgment of the trial court which found plaintiff to be the biological father of the minor. We affirm, finding that the trial judge was not manifestly erroneous in his judgment.
Defendant gave birth to the child on March 7, 1990. During 1989 and January of 1990, she dated and had sexual relations with plaintiff. From April of 1989 until mid-July of 1989, she also dated and had sexual relations with intervenor. The child was conceived in the latter part of June of 1989 from one of these relationships.
When defendant was giving birth, plaintiff was in the delivery room. Afterward, he announced the birth to family and friends in the waiting room of the hospital. One of those waiting for the news was intervenor. Following the birth, defendant attempted to list plaintiff on the birth records as the father, but was refused because he was a minor. Shortly thereafter, defendant sent birth announcements to friends and family, declaring plaintiff to be the father.
In April 1990, intervenor executed a notarial act of acknowledgment of paternity for the purpose of amending the birth certificate to name him as father. The birth certificate was amended on May 4, 1990, naming intervenor as the father and the child's name was changed from Albert Michael to Michael Adrian Mobley. Then, on May 25, 1990, intervenor and defendant were married.
*892 Three days after the birth certificate was amended, on May 7, 1990, plaintiff executed an acknowledgement of paternity. On June 4, 1990, plaintiff filed a Petition to Establish Paternity, which requested blood testing of the mother, child and intervenor and also requested joint custody and/or visitation.
Defendant filed various exceptions in response to the petition. A curator ad hoc was appointed to represent the child and plaintiff's father emancipated him.
Steven Mobley filed a petition of intervention, asserting that he is the biological father, as well as the legal father due to his marriage to defendant. Intervenor and defendant requested that all parties have their blood tested by Roche Laboratories.
The blood of each party was tested and the results were filed into the record as required by La.R.S. 9:397.3. The results gave plaintiff a 99.99% probability of paternity and excluded intervenor from any possibility of paternity. Within the statutory 30 day period, the intervenor and defendant filed an opposition to the report to prevent its use at trial. They alleged that the results were incorrect due to improper analysis and requested that intervenor be retested.
A hearing on admissibility and the request for retesting was held immediately prior to the trial on March 9, 1992. The trial judge held that the results were admissible. Following the hearing on the merits, he rendered judgment in favor of plaintiff.
On appeal, defendant and intervenor, appellants, assert that the trial judge erred in refusing to allow the child and intervenor to be retested at Tulane Medical Center (as requested in their challenge to the accuracy of the analysis) and in allowing the introduction of the Roche results. They contend that the trial judge erred in placing overwhelming emphasis on the Roche results and in not requiring expert testimony to explain the results, in light of other conflicting testimony and the Tulane Analysis. They also assert that the trial judge erred in refusing to allow evidence of criminal convictions on cross-examination of appellee. Finally, they assert that the trial judge should have applied the 180 day time limit for disavowal of paternity (La.C.C. art. 184), to preclude this action, because a finding in favor of appellee effectively creates a disavowal of the paternity of intervenor.
First, we will take up the disavowal argument. Appellants allege that the judgment creates an effect which is analogous to a disavowal of paternity which is regulated by La.C.C. arts. 184 et seq. They contend that by declaring plaintiff to be the father, the judgment disavows intervenor's paternity and should be regulated by the disavowal articles. Primarily, they contend that the action should be barred because it was brought after 180 days from the date that plaintiff knew or should have known of the child's birth, the birth date of March 7, 1990. Appellants argument, that this court should analogize this case with a disavowal action to bar the action of plaintiff, is not persuasive.
The Louisiana Supreme Court addressed the issue of dual paternity in Smith v. Cole, 553 So.2d 847 (La.1989). There, the court recognized that a child's legal status of legitimacy is not altered by a recognition of a biological father. It likewise stated that the biological father's status as father is not precluded by the existence of a legal father. Consequently, we find that the suit here was brought timely.
In regard to the blood testing and results, appellants contend that they discovered that the testing by Roche was questionable after bringing the Roche results to Tulane Medical Center for analysis. Appellants assert that the analysis by Tulane resulted in a 94.31% paternity index for intervenor and that the Tulane physician analyst recommended that intervenor and the child be re-tested. This information was utilized in the "Memorandum in Opposition to the Blood Testing of Roche Laboratories" and in argument prior to the hearing on the merits. However, neither the report nor the physician's testimony was introduced into evidence. Plaintiff, in response, filed a letter from the Associate *893 Director of the Department of Paternity at Roche, explaining the methodology and disputing the Tulane analysis. That letter was attached to the "Memorandum In Support of the Blood Testing Results ..." filed by plaintiff. At the hearing, the letter was not accepted into evidence, but like appellants' report, simply referred to in argument.
Evidence not properly and officially offered and introduced into evidence cannot be considered, even if it is physically placed in the record. Succession of Montegut, 430 So.2d 1024 (La.App. 5th Cir. 1982); Vol. 1, McCormick on Evidence, § 51 at 194 (4th ed. 1992). For example, a blood test must be officially introduced, despite the fact that the statute states it is to be physically placed in the record. State in the Interest of Triche v. Stewart, 570 So.2d 182 (La.App. 5th Cir.1990).
At the hearing in opposition to the introduction of the Roche tests, neither plaintiff nor appellants introduced their respective documents into evidence. They only referred to the information in argument. Since the documents were not properly accepted into evidence, the information contained in the documents cannot be considered as evidence. Thus, the trial judge was free to disregard the information. Further, since the Roche tests were properly placed in the record under the statute and no evidence was produced to refute the contents, the trial judge correctly ruled that the Roche results were admissible.
Appellants next argument also relates to the blood tests. They assert that plaintiff failed to prove his case, because he neglected to have an expert witness explain the Roche tests results, in light of the Tulane Report and other conflicting evidence.
We have already found that the Roche tests results are unrefuted. Therefore, under La.R.S. 9:397.3(B), they were properly admitted. Notably, appellants are permitted under R.S. 9:397.3(B) to summon as a witness the party who made the report, and examine that party under cross-examination once the court determines that the report is admissible. However, that was not done by appellants. Once the report was admitted without rebuttal or contradictory evidence, the contents of the blood test report become prima facie proof of its contents. See. R.S. 9:397.3(B).
The contents of the Roche test for the child, plaintiff and intervenor showed a probability of paternity for plaintiff to be 99.99% and intervenor was excluded. Scientifically, this means that intervenor cannot be the biological father.
The legal effect to be given an exclusion of paternity through scientific blood tests is provided for in R.S. 9:397.3(D). The provision states such a finding is conclusive and no further evidence is required.
The article provides:
"If the court finds that the conclusions of all the experts as disclosed by the reports, based upon the tests, are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their findings or conclusions, the question shall be submitted upon all the evidence." (Emphasis Added).
Thus, only if the conclusions are refuted or contested must the case be submitted upon all the evidence. See: Odom v. Culverhouse, 505 So.2d 837 (La.App. 2nd Cir. 1987), writ denied, 508 So.2d 824 (La.1987). Compare; DMJ v. BGB, 576 So.2d 537 (La. App. 4th Cir.1990); writ denied 578 So.2d 932 (La.1991). Otherwise, the court "shall" find that the person excluded is not the father.
At the hearing of this matter, the parties introduced the blood test results into the record. They were also permitted to produce testimony, a benefit to appellants which is not required by law. A finding that intervenor is not the biological father was required despite the testimony. Even so, the testimony did not dispute the scientific evidence.
At trial, the evidence showed that defendant dated and had sexual relations with both men at the time of conception. She claimed that plaintiff was the father both *894 in the hospital and in the birth announcements. It was only after appellants decided to marry did the issue of paternity arise. No other evidence was introduced to contest the test results. Even without the test results, the conclusion that plaintiff is the father could have been easily reached under the preponderance of evidence standard, which is applicable to paternity cases. See: Hines v. Williams, 567 So.2d 1139 (La.App. 2nd Cir.1990), writ denied. 571 So.2d 653 (La.1990); DMJ v. BGB, supra.
Appellants also complain that the trial judge erred in barring evidence of plaintiff's convictions. However, we would reach the same result herein even if, as alleged by appellants, we were to find the trial court erred in not allowing plaintiff to be questioned about his past criminal offenses. The critical facts about paternity were undisputed and the credibility of plaintiff was not at issue. Thus, we find that the trial judge did not err in finding plaintiff to be the father and we affirm the judgment.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of appeal to be paid by appellants.
AFFIRMED.