STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-923

SUCCESSION OF RUSSELL LEAVINES

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 40,234
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

AFFIRMED.

Victor Herbert Sooter
Sooter & Associates
P. O. Box 1671
Alexandria, LA 71309
Telephone: (318) 448-8301
COUNSEL FOR:
       OTHER APPELLEE - Betty Taylor Leavines

Zebulon M. Winstead
Crowell and Owens, L.L.C.
P. O. Box 330
Alexandria, LA 71309-0330
Telephone: (318) 445-1488
COUNSEL FOR:
       OTHER APPELLANT - Mayme Holt Brown

**THIBODEAUX, Chief Judge.**

Mayme Holt Brown appeals a trial court judgment finding that the testament of her great-grandfather, Russell Leavines ("the decedent"), bequeathed a piece of immovable property known as Tract II to his wife, Betty Taylor Leavines. The decedent died testate in 2011; his will left his "family home and residence" to Brown, subject to a usufruct in favor of Betty Leavines, and left his "remaining property" to Betty Leavines. At the time of his death, the decedent possessed two pieces of immovable property, known as Tract I and Tract II. Based on the decedent's testament, the Detailed Descriptive List of his property, and the parties' memoranda, the trial court concluded that the decedent's testament clearly and unambiguously bequeathed Tract II to Betty Leavines as part of the decedent's "remaining property." For the following reasons, we affirm the judgment of the trial court.

I.

ISSUE

The sole issue in this case is whether the trial court correctly determined that the decedent's last will and testament clearly and unambiguously bequeathed the piece of land known as Tract II to his widow, Betty Leavines.

II.

FACTS AND PROCEDURAL HISTORY

Russell Leavines died testate on October 22, 2011. He was married twice and was survived by Betty Leavines. The decedent had one daughter from

his first marriage; Brown is his great-granddaughter. The decedent and Betty Leavines had no children.

The decedent's notarial last will and testament, dated August 23, 2011, includes two bequests relevant to this case. The first is a bequest to Brown, which reads:

> I give and bequeath to my great granddaughter, Amy Holt Brown . . . all of my right, title, and interest in and to my family home and residence (currently 9768 Highway 28 West, Boyce, Louisiana, 71409) in naked ownership, subject to a right of usufruct in favor of Betty [Taylor Leavines], which shall terminate upon her death or remarriage.

The second bequest provides: "I give my remaining property to my wife, Betty Taylor Leavines." "Property" was defined in the testament as "property of which I [the decedent] die possessed, of whatever nature or kind, wherever located and however acquired, whether now owned by me or hereafter acquired."

After Betty Leavines (the executrix of the decedent's estate) and Brown filed a Petition for Probate, Betty Leavines filed a Petition for Partial Possession, which included a Detailed Descriptive List of the decedent's property. The list included, among other items, descriptions for two pieces of immovable property. The first, "Tract I," was described as:

> Certain pieces, parcels, or tracts of land, together with all buildings and improvements thereon and all rights, ways, and privileges thereunto belonging or appertaining, being, lying, and situated in Rapides Parish, Louisiana, and being more particularly described as follows:
>
> > The East Half (E½) of Lot Three (3) and all of Lot Four (4) of the Thomas F. Leavines Partition situated in Section Fifty (50), Township Four (4) North, Range Three (3) West, Rapides Parish, Louisiana, as per plat thereof recorded in Conveyance Book 645,

2

Page 577, or the records of Rapides Parish, Louisiana.

The second, "Tract II," was described as:

> A certain piece, parcel, or tract of land, being, lying and situated in Rapides Parish, Louisiana, and being more particularly described as Southeast Quarter (SE¼) of the Northwest Quarter (NE¼) [sic] of Section Fifty (50), Township Four (4) North, Range Three (3) West, Rapides Parish, Louisiana LESS AND EXCEPT certain tracts particularly described in the Act of Exchange dated November 14, 1978, recorded in Conveyance Book 950, Page 500 of the records of Rapides Parish, Louisiana, the property herein conveyed containing an area of 11.38 acres, more or less, and being that property acquired by Russell Leavines from Thomas E. Leavines in the Act of Exchange described hereinabove.

In the Petition for Partial Possession, Betty Leavines noted that she and Brown disputed whether Tract II was part of the bequest of the family home and residence. Brown did not join in the Petition for Partial Possession.

The trial court ordered the parties to submit memoranda of law on ownership of Tract II, as well as on whether the testament was clear and unambiguous or whether the trial court ought to hear oral testimony. Brown argued that the decedent had included Tract II in his homestead exemption under La.R.S. 20:1, and that this indicated that Tract II was also part of his residence and therefore bequeathed to Brown. She listed under "Undisputed Facts" in her memorandum that "[t]he deceased went to the Rapides Parish Tax Assessor's Office while alive and signed a form designating both [Tract I] and [Tract II] as his homestead under La. R.S. 20:1." However, the record contains no such form or other evidence of the decedent's homestead. Betty Leavines asserted that jurisprudence does not require "homestead" to be synonymous with "residence" or "family home." Betty Leavines also pointed out that the decedent's will does not

3

include Tract II in the description of the family home and Tract II was acquired separately from Tract I, indicating that it is not part of the family home and residence located on Tract I.

The trial court largely adopted Betty Leavines's reasoning and concluded that Tract II was clearly and unambiguously part of the bequest to her. It did not address Brown's argument regarding the homestead exemption. The trial court issued its judgment based on the testament, the Detailed Descriptive List, and the parties' memoranda, but it did not hold a hearing to take testimony or other evidence. Brown filed a timely appeal of the judgment, arguing that the trial court erred in ruling that Tract II was part of the "remaining property" bequeathed to Betty Leavines.

III.

## LAW AND DISCUSSION

Brown argues on appeal that since both Tract I and Tract II were designated as the decedent's homestead pursuant to La.R.S. 20:1, Tract II was clearly and unambiguously part of the "family home and residence" bequeathed in naked ownership to Brown. Alternatively, Brown argues that the will is not clear and unambiguous, and the case should be remanded so the trial court can conduct a hearing to take evidence to determine the decedent's intent. Betty Leavines responds that Louisiana jurisprudence does not hold that a homestead under La.R.S. 20:1 is synonymous with the family home or residence. She contends that since Tract II was acquired separately, has a separate property description from Tract I, and is not included in the description of the family home in the decedent's testament, Tract II is not part of the bequest to Brown.

4

Before we reach the merits of the parties' argument, we must determine the proper standard of review in this case.

## Standard of Review

Both parties frame the issue in this case as a question of fact, which would normally be reviewed under the manifest error-clearly wrong standard of review. *See In re Succession of Bernat*, 11-368 (La.App. 3 Cir. 11/2/11), 76 So.3d 1287, *writ denied*, 12-263 (La. 3/30/12), 85 So.3d 122. However, in this case, the trial court did not hold a hearing or take evidence. Rather, the trial court only reviewed and interpreted the language of the testament. When no evidence is introduced to the trial court, the doctrine of manifest error does not apply. *See MWD Servs., Inc. v. Humphries*, 09-668 (La.App. 3 Cir. 12/9/09), 26 So.3d 906. Instead, "[i]nterpretation of an instrument's language is a question of law that this court reviews to determine whether the trial court was legally correct." *In re Succession of Collett*, 09-70, p. 2 (La.App. 3 Cir. 6/3/09), 11 So.3d 724, 726, *writ denied*, 09-1485 (La. 10/2/09), 18 So.3d 112 (citing *Cleland v. City of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645). Therefore, we will review the trial court's judgment for legal error.

## Interpretation of Testament

Louisiana Civil Code Articles 1611 through 1616 govern the interpretation of testaments. Louisiana Civil Code Article 1611(A) is particularly relevant to this case:

> The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of

5

> pursuing its spirit. The following rules for interpretation apply only when the testator's intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.

This court has previously found, with regard to the interpretation of testaments:

> "Courts must interpret a will according to its plain language since 'the intent of the testator is the paramount consideration in determining the provisions of a will.'" *Succession of Hackney*, 97-859, p. 5 (La.App. 3 Cir. 2/4/98); 707 So.2d 1302, 1306, *writ denied*, 98-596 (La.4/24/98); 717 So.2d 1172 (*quoting Succession of Schiro*, 96-1567, p. 6 (La.App. 4 Cir. 4/9/97); 691 So.2d 1374, 1377, *writs denied*, 97-1400, 97-1423 (La.9/5/97); 700 So.2d 518). The intention of the deceased must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will permit. "Where it is a question of the choice between two interpretations, one of which will effectuate, and the other will defeat, a testator's intention, the court will carry out the intention of the testator." *Carter v. Succession of Carter*, 332 So.2d 439, 441 (La.1976) (*quoting Succession of LaBarre*, 179 La. 45, 48, 153 So. 15, 16 (1934)). Additionally, Louisiana case law has recognized that in the interpretation of wills, the first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. "The testatrix is not supposed to be propounding riddles but rather to be conveying her ideas to the best of her ability so as to be correctly understood at first view." *Succession of Meeks*, (La.App. 2 Cir. 1992); 609 So.2d 1035, 1038, *writ denied*, 612 So.2d 86 (La.1993).

*In re Succession of Helms*, 01-1357, pp. 2-3 (La.App. 3 Cir. 3/6/02), 810 So.2d 1265, 1267-68.

In this case, the plain language of the testament bequeaths "my [the decedent's] family home and residence" to Brown, subject to a usufruct in favor of Betty Leavines, and "my [the decedent's] remaining property" to Betty Leavines. The trial court concluded, and the parties do not dispute, that the family home is located on Tract I. This interpretation is further aided by the property descriptions

of each tract: Tract I includes "all buildings and improvements thereon," whereas Tract II is described only as "[a] certain piece, parcel or tract of land" without any buildings. The bequest to Brown (the "family home and residence (currently 9768 Highway 28 West, Boyce, Louisiana, 71409)") indicates that the family home and residence are located in the same place: Tract I. Tract II has a separate property description, and there is nothing to indicate that it was part of the "residence" located on Tract I. The will and the detailed property description therefore clearly bequeath Tract I to Brown in naked ownership as the "family home and residence" and Tract II to Betty Leavines as part of the decedent's "remaining property."

We further note that Brown's argument regarding the decedent's supposed homestead exemption is not supported by any evidence and cannot be considered by this Court. Brown argues that Tract II is part of the residence because it was included in the decedent's homestead exemption under La.R.S. 20:1. While Brown claims that the inclusion of Tract II in the homestead exemption is an "[u]ndisputed [f]act[]," there is no evidence in the record that this was true, or even that the decedent ever designated a homestead under La.R.S. 20:1. "Evidence not properly and officially offered and introduced into evidence cannot be considered" by a court of appeal. *Ray Brandt Nissan, Inc. v. Gurvich*, 98-634, p. 3 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 476 (citing *Touzet v. Mobley*, 612 So.2d 890 (La.App. 5 Cir. 1993), *writ denied*, 612 So.2d 890 (La.1993)). Accordingly, Brown's argument that Tract II was included in the homestead exemption and therefore was part of the decedent's residence will not be considered by this Court.

Because we find the decedent's will clear and unambiguous, we need not consider Brown's argument that the case ought to be remanded to determine

7

the decedent's intent. The trial court's judgment that the decedent's testament bequeathed Tract II to Betty Leavines was legally correct.

IV.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Mayme Holt Brown.

**AFFIRMED.**