STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-1001

FRUGE AQUAFARMS, INC.

VERSUS

ROBERT R. HICKS, JR.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2014-11142
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of D. Kent Savoie, Van H. Kyzar, and David E. Chatelain[*],
Judges

REVERSED IN PART AND REMANDED.

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

Michael H. Landry
Landry, Landry & Landry
P. O. Box 1368
Crowley, LA 70527-1368
(337) 788-1850
COUNSEL FOR PLAINTIFF/APPELLANT:
    Fruge Aquafarms, Inc.


Stephen A. Stefanski
Edwards, Stefanski & Zaunbrecher, L.L.P.
P. O. Drawer 730
Crowley, LA 70527-0730
(337) 783-7000
COUNSEL FOR DEFENDANT/APPELLEE:
    Robert R. Hicks, Jr.

**KYZAR, Judge.**

Fruge Aquafarms, Inc. appeals from a judgment of the Fifteenth Judicial District Court for Acadia Parish denying its request for specific performance of an agricultural lease contract and for damages, including damages for unjust enrichment, following the termination of the lease. For the reasons assigned, we reverse the judgment of the trial court and remand for proceedings consistent herewith.

## FACTS AND PROCEDURAL HISTORY

This dispute arises from an agricultural lease between the lessee, Fruge Aquafarms, Inc. (hereinafter Fruge), and the landowner, Robert Hicks, Jr. (hereinafter Hicks), executed in writing in June of 2010. The lease was referenced in Fruge's original petition and attached thereto. The lease involved six separately described tracts of land and was for the specific purpose of permitting Fruge to "use and occupy said premises for agricultural and aquacultural purposes only." The lease further provided Fruge the "authority to plant said premises in rice, soybeans, and wheat, and to farm crawfish, only during the term of this lease in keeping with the farming practices for the cultivation of crops in the locality of said property." The term of the lease as specifically stated therein "is five (5) years, commencing on January 1, 2010, and ending at midnight on January 1, 2015." As to rent, the lease provided that Fruge would pay "Twenty-Five (25%) Percent of the gross revenue derived from the production of rice; and Fifteen (15%) Percent of the gross revenue derived from the production of soybeans" and further provided that Fruge would pay "FORTY AND NO/100 ($40.00) DOLLARS per acre per year for each acre on which crawfish operations are conducted." Further, Fruge agreed to "[r]emove any of its crops from the leased premises prior to the expiration of this lease, it being agreed between the parties

that upon Lessee's failure to do so, title thereto shall thereupon vest in Lessor and Lessee shall forfeit any rights therein." Finally, and of particular importance to this litigation, Section 10 of the contract entitled "CONDITION OF SURRENDER" provided as follows:

> Lessee agrees that it will peaceably surrender the leased premises at the end of the term hereby granted in the same good order and condition as the premises are at the commencement thereof.

> Lessor agrees that if the Lessor terminates the lease for any reason, that the Lessee shall have until the following July of the successive year to complete the harvest of all crawfish.

As alleged in Fruge's petition, prior to the termination of the lease by its express terms, Hicks provided written notice to Fruge by letter dated October 15, 2014, that he did not intend to renew the lease upon the expiration date. Thereafter, Fruge filed a "Petition for Specific Performance" with the trial court on December 23, 2014. In the petition, Fruge asserted that he:

> [D]esires to demand specific performance of the defendant's promise and contractual obligation to allow plaintiff to remain on the defendant's land on which a crawfish crop has been prepared and to remain undisturbed in the use of equipment necessary to complete that harvest by July, 2015, all as specifically set forth in the agricultural lease made the subject of this litigation.

Further, Fruge pled:

> [A]lternative[ly] and only in the event that this Honorable Court finds that the aforementioned agricultural lease does not allow the plaintiff to remain on the tracts of land on which a crawfish crop has already been prepared, plaintiff alleges that it is entitled to an award of damages concerning its preparation of a crawfish crop, all such damages to be proven at the time of trial.

The matter first came before the trial court for a hearing on January 5, 2015. On that date, according to the minutes of court, the matter was heard on a "Petition for Injunction." According to the minutes, following the arguments of counsel for both parties, the trial court denied the injunction. A judgment was signed by the court on February 9, 2015. The judgment states as follows:

2

After reviewing the memoranda of the parties and hearing the argument of counsel, the Court denied plaintiff's Petition for Injunction, dismissing plaintiff's claims for injunctive relief against the defendant.

IT IS ORDERED, ADJUDGED AND DECREED that the Petition for Injunction is DENIED, dismissing plaintiff's claim for injunctive relief against the defendant.

Notice of judgment was mailed on March 3, 2015. Prior thereto, an answer and reconventional demand had been filed by counsel for Hicks, denying the original claims for specific performance under the contract. Fruge then amended and supplemented its petition with leave of court, seeking damages against Hicks for the value of its efforts in preparing the crawfish crop that allegedly went unharvested prior to July 1, 2015, as it claimed was its right pursuant to the lease, and for unjust enrichment. Hicks answered and reconvened seeking damages for unpaid rent pursuant to the lease.

At the trial date on June 27, 2016, substituted counsel appeared for Fruge, while Hicks was represented by his original attorneys. No evidence was presented by either side. After discussion in open court and arguments of counsel, the trial court ruled as follows:

> THE COURT: -- I'm not. I mean, I've -- Mr. Landry, I've heard this argument. And it's not unjust enrichment. It's not unjust enrichment when somebody, who's involved in a lease, knows the term that the lease ends. Whether he believed it not to end or not, is not a legal binding belief. I mean, his belief doesn't sway the Court that it's a legal belief, and the fact that he put money into it in 2014 to continue, not to mention my guess is Mr. Fruge made quite a bit of money for ten (10) years on that property that he knew was no longer going to be renewed for whatever reason it was.

> And so I'm going to deny your request. And so I guess we'll go forward now with the reconventional demand. I'm going to deny your request with regards to what I believe you're asking is specific performance on an unjust enrichment claim, which I believe has no legal authority.

> MR. LANDRY: Well, it's two (2) separate. It's an argument for specific performance and, in the alternative, unjust enrichment.

3

THE COURT: Okay. So specific performance is denied in my previous claim. My previous judgment denied specific performance. I ruled that your client had a lease that terminated on January 1, and knew and should have known that it terminated on January -- So there is no specific performance that travels through that contract. I denied it in the TRO.

And now you come back, and you come back because you're coming now -- your client comes back having been determined by the Court not to have specific performance, that the lease terminated as per the terms of the lease. Now, you seek to suggest to me that he's entitled to an unjust enrichment because I didn't agree his lease should go forward. And I think it falls on that, and I find no legal basis for that claim.

So I deny both of those claims at this time....

MR. STEFANSKI: Your Honor, I've talked to my client. The dispute was between twenty-three and twenty-five thousand as to his share of the revenue. We would agree to accept twenty-three, which is what Mr. Fruge, in his estimation, would be the amount, the twenty-five percent (25%) of the gross rice crop. So we would submit to the Court by way of stipulation that the reconventional demand is for the amount of twenty-three thousand dollars ($23,000), which would be twenty-five percent (25%) of the 2014 rice crop that was harvested off of Mr. Hick's property.

MR. LANDRY: I'm sorry. You said twenty-three thousand dollars ($23,000)?

MR. STEFANSKI: Yes.

MR. LANDRY: I mean, I think that is accurate.

THE COURT: Okay. I mean, is there some defense to the fact that -- I mean, I don't -- I mean, the money was owed, I assume, by contract and by agreement. The Court would grant the motion. I'll sign a judgment in accordance therewith.

MR. STEFANSKI: Thank you, Your Honor.

THE COURT: Okay.

Formal judgment was signed on July 11, 2016. The judgment provides as follows:

IT IS ORDERED, AJDUDGED AND DECREED that the petition filed herein, together with the supplemental and amending

petition, be and is hereby dismissed, with prejudice, dismissing all claims made by Fruge Aquafarms, Inc., with prejudice;

IT IS FURTHER ORDERED, AJDUDGED AND DECREED that Robert R. Hicks, Jr., defendant and as petitioner in reconvention, is hereby awarded TWENTY-THREE THOUSAND AND NO/100 DOLLARS ($23,000.00) over and against defendant in reconvention, Fruge Aquafarms, Inc. as full satisfaction of the crop revenue due and owing to Robert R. Hicks, Jr. for the 2014 rice crop pursuant to the provisions of the lease agreement which existed between the parties.

IT IS FURTHER ORDERED, AJDUDGED AND DECREED that petitioner, Fruge Aquafarms, Inc. pay all costs of these proceedings.

This appeal followed.

## ASSIGNMENT OF ERROR

Fruge urges only one assignment of error on appeal. It asserts that "the [t]rial court committed reversible error by refusing to allow Petitioner/Appellant to call any witnesses; put on or admit any evidence; or otherwise present a case in chief at the trial on the merits of the above captioned matter."

## DISCUSSION

In its sole assignment of error, Fruge argues that the trial court erred in refusing to allow it to call any witnesses, put on any evidence, or otherwise present a case in chief at the trial on the merits, referring to the hearing held June on 27, 2016. Fruge did not appeal that portion of the judgment in favor of Hicks for unpaid rent or assign any error in connection therewith as the parties reached a stuipulation as to that issue. Therefore, that portion of the judgment will remain undisturbed. *McMaster v. Progressive Sec. Ins. Co.*, 14-155 (La.App. 4 Cir. 10/29/14), 152 So.3d 979, *writ denied*, 14-2641 (La. 3/6/15), 160 So.3d 1289.

The history and record of this case is somewhat confusing, although the facts are relatively uncomplicated. The litigation was instituted by a pleading labeled as a petition for specific performance, when the suit was in actuality a

5

declaratory judgment action seeking a determination of the parties' rights pursuant to the June 2010 lease contract. The nature of a pleading is determined by averments and purpose thereof rather than the label or name which the pleader gives to his pleading. *Jefferson v. Jefferson*, 145 So.2d 356 (La.App. 3 Cir. 1962), *affirmed by* 246 La. 1, 163 So.2d 74 (1964). A hearing was held on January 5, 2015, which was stated to be a hearing on a request for a temporary restraining order pursuant to a subsequent petition for injunction. However, the record is devoid of any such petition for an injunction and corresponding TRO. The record is further devoid of any order setting a hearing for such. The record is also devoid of a transcript of the hearing, and as such, there is no record of what evidence, if any, was produced by any party or considered by the trial court at the hearing on January 5, 2015. Nor was there any evidence formally introduced at the hearing on June 27, 2016, the date set for the declaratory judgment action and the incidental claims for damages.

Louisiana Code of Civil Procedure Article 1871 provides for declaratory judgments:

> Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.

Louisiana Code of Civil Procedure Article 1879 provides:

> When a proceeding under Articles 1871 through 1883 involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

A suit for declaratory judgment is an ordinary, not a summary, proceeding. *C.O.S.T. v. St. Landry Parish Sch. Bd.*, 528 So.2d 1048 (La.App. 3 Cir. 1988). The procedure for a trial in an ordinary proceeding is set out in La.Code Civ.P. art. 1631, *et seq.* In particular, La.Code Civ.P. art 1632 provides for the presentation of evidence by the parties, plaintiff and defendant. In the instant case, there was no evidence offered by either side as there was no trial held.

Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. La.Code Civ.P. art. 2164; *Denoux v. Vessel Mgmt. Servs. Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84; *Bullock v. Commercial Union Ins. Co.*, 397 So.2d 13 (La.App. 3 Cir. 1981). In the current case, it appears that the trial court relied upon the written lease agreement between the parties when rendering its judgment denying the injunction request and in denying Fruge's demands at the June 27, 2016 hearing for specific performance and for damages. The lease was attached to Fruge's original petition for declaratory judgment filed on December 23, 2014 and was attached as an exhibit in Hicks's pleadings. However, there is no showing that the lease was ever formally introduced into the record as evidence, either during the January 5, 2015 or June 27, 2016 hearing. Evidence filed into the record, but not introduced formally at trial, may not be considered by the appellate court. *David v. Cajun Painting, Inc.*, 92-722 (La.App. 5 Cir. 1/25/94), 631 So.2d 1176, *writs denied*, 94-972, 94-994 (La. 6/3/94), 637 So.2d 508; *Carmouche v. Dep't of Pub. Safety & Corrs.*, 618 So.2d 1220 (La.App. 5 Cir. 1993).

In this case, there was no evidence shown to have been offered by any party at either of the hearings on January 5, 2015 or June 27, 2016. As there is no record of the petition for injunction purportedly heard on January 5, 2015 and no transcript of the hearing to establish what evidence, if any, was considered, we

7

must treat that proceeding as having no consequence. Further, there is no indication from the record as to what evidence was considered by the trial court in regards to its judgment rendered on June 27, 2016. Evidence not properly and officially offered and introduced into evidence cannot be considered, even if it is physically placed in the record. *Meaux v. Miller*, 08-712 (La.App. 3 Cir. 12/10/08), 999 So.2d 281; *Touzet v. Mobley*, 612 So.2d 890 (La.App. 5 Cir.), *writ denied*, 614 So.2d 1263 (La.1993).

In *Frierson v. Sheridan*, 593 So.2d 655 (La.App. 1 Cir. 1991), the court was faced with a similar declaratory judgment action concerning insurance coverage pursuant to a liability policy. The court noted that neither party introduced any evidence at the hearing other than the insurance policy itself. In reversing the trial court's judgment, the court succinctly set forth the applicable law as follows:

> There can be no legal finding based on a fact finding where no evidence was introduced. There must be facts before the court upon which to base a policy interpretation. *See for example, Watts v. Aetna Casualty and Surety Company*, 574 So.2d 364 (La.App. 1st Cir.), *writ denied*, 568 So.2d 1089 (La.1990). The plaintiffs failed to submit any evidence which could have resulted in a ruling on the declaratory judgment. It is axiomatic that in a tort action the burden of proving damages is on the plaintiff. *Broussard v. Continental Casualty Company*, 421 So.2d 341 (La.App. 1st Cir.), *writ. denied*, 423 So.2d 1165 (La.1982). One who asserts a fact must carry the burden of proof of that fact; such fact must be established by a reasonable preponderance of the evidence. *Meyer v. State, Dept. of Public Safety License Control and Driver Improvement Division*, 312 So.2d 289 (La.1975). A plaintiff must prove his case before he can recover, and in order to prove his case, it is necessary that a certain amount of evidence be presented. *Tri-City Finance Plan, Inc. v. Barbier*, 207 So.2d 269 (La.App. 1st Cir.1968).

> No evidence was presented to the trial court other than the insurance policy. No testimony was presented. The insurance policy cannot be interpreted in a vacuum or standing alone. It must be connected to, identified with or related in some way to a factual foundation. Of necessity, the trial court made a factual finding which it applied to its interpretation of the policy. This factual finding was apparently based on briefs rather than evidence. There is no factual record presented to this court for review.

*Id.* at 657.

The instant case is also analogous to *Unified Teachers Credit Plan, Inc. v. Walker*, 491 So.2d 808 (La.App. 3 Cir. 1986), wherein this court held that the record, which contained no evidence formally introduced and admitted into the record at the trial of the garnishor-plaintiff's contradictory motion, did not support the garnishment judgment that was rendered. Finding no evidence to support the judgment, this court remanded the case for a rehearing, finding as follows:

> From our review of the record, we do not find that any evidence or proof was formally introduced and admitted at the trial of the contradictory motion. Therefore, like the court in *Johnson v. Fulwood*, 398 So.2d 1151 (La. App. 4th Cir. 1981), we conclude that the record does not support the judgment that was rendered on the rule and, in the interest of justice, remand the case to the district court to permit both parties to adduce evidence in support of their respective positions. LSA—R.S. 13:3923 and LSA—C.C.P. Art. 2164.

*Id.* at 809.

In *Ray Brandt Nissan, Inc. v. Gurvich*, 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, the court also set forth the law applicable to the present case. The court, in reviewing a court judgment based solely on documents attached to pleadings, stated as follows:

> In the present case, no evidence was introduced at trial by either party. In formulating his final judgment, the trial judge reviewed certain documents attached to the plaintiff's rule to show cause which had not been introduced as evidence in accordance with LSA—R.S. 13:3723. Therefore, the ruling of the trial court is improper as there was not a proper foundation for the judgment.
>
> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. LSA—C.C.P. art. 2164 (West 1998). Evidence filed into the record, but not introduced formally at trial, may not be considered by the appellate court. *David v. Cajun Painting, Inc.*, 92-722 (La.App. 5th Cir. 1/25/94), 631 So.2d 1176; *Carmouche v. Department of Public Safety and Corrections*, 618 So.2d 1220 (La.App. 5th Cir.1993). Evidence not properly and officially offered and introduced into evidence cannot be considered, even if it is physically placed in the record. *Touzet v. Mobley*, 612 So.2d 890 (La.App. 5th Cir.1993).

*Id.* at 476.

In the present case, it appears that no evidence was properly introduced at trial by either party at either hearing. In formulating his final judgment, the trial judge undoubtedly relied on the lease document attached to Fruge's petition in deciding to deny its claims for relief. However, the lease had not been formally introduced as evidence. Indeed, there was no evidence at all, as there was no trial, only arguments of counsel. As such, there was no proper foundation for the judgment of the trial court.

Hicks argues in brief that there was no objection to the trial court's decision in not permitting any evidence at the trial, thus precluding appellate review of the issue. However, we find that line of cases inapplicable to the instant situation. Although it is clear that a party cannot appeal a ruling denying or granting the admissibility of evidence at trial without objecting thereto or offering by proffer, because there was no trial in this matter, there could not have been any evidentiary ruling by the trial court. There was no trial at all, only the discussion of the issues by the trial court and counsel, along with arguments of counsel. As provided above, La.Code Civ.P. art. 1632 sets forth the normal order of civil trials in Louisiana. The trial never commenced in this case, as the trial court rendered judgment without any evidence being formally introduced into the record. Therefore, the ruling of the trial court is without proper foundation, and the judgment is, hereby, reversed as to the claims of Fruge. As there was no appeal as to that portion of the judgment below in favor of Hicks and against Fruge for unpaid rent, that portion of the judgment remains undisturbed.

## DISPOSITION

Based upon the foregoing, the judgment of the trial court herein is vacated, and the matter is remanded to the trial court for preceedings consistent herewith. Costs of this appeal are to be divided equally between the parties.

**REVERSED IN PART AND REMANDED.**